## BASIL B. SMITH *et al.*

### *v.*

## TOWN OF FLORA *et al.*

64    93
136   285
36a   612

64    93
152   570
155   531

64    93
160   173

64    93
163   368

64    93
169   403

64    93
174   170
76a   543

64    93
199   [3]284

64    93
200   [1]228
200   [3]229
200   [3]230
200   [3]517

1. DEDICATION—*written grant not necessary.* It is not necessary, to constitute a dedication, that there should be a grant in writing. When made to the use of an unincorporated town, or to the public—a body incapable of taking by grant—there can be no grant to express the intention.

2. SAME—*by acts in pais—estoppel.* When a party owning lands does such acts *in pais* as amount to a dedication, he will be estopped from denying such dedication; and when made and accepted by the public, it is irrevocable.

3. SAME—*how proved.* Dedications may be proved in every conceivable way—by survey and plat alone, by grant, by *user,* and by the acts and declarations of the owner. They may be shown by matter *in pais,* consisting of the acts and accompanying declarations of the owner; and acceptance may be proved by *user* of the public or by the acts of officers. They may be inferred from length of user and acquiescence of the owner; and such acquiescence will also estop the grantee of the owner.

4. SAME—*facts amounting to a dedication.* The persons holding the legal title to lands through which a railroad company had acquired a right of way, laid off the same into town lots by a plat which was recorded, leaving strips on each side of the right of way, with lots abutting the same. The owners afterwards sold numerous lots with reference to this plat, and the houses erected generally had their fronts on this vacant ground. There was an acquiescence in this plat for ten years, during which the original proprietors paid no taxes on such vacant ground: *Held,* notwithstanding defects in the plat, and its acknowledgment, that the sale of lots by the plat, the long acquiescence, the non-payment of taxes and neglect of the proprietors to assert any claim of ownership to the vacant space, clearly indicated an intention to adopt the plat and to make the dedication of the vacant strip to the use of the public.

5. SAME—*acceptance.* And where the railroad company used the ground for sixteen years for purposes connected with its business, and the public also enjoyed its use for wood, lumber, pens for grain and as a pass-way: *Held,* that these facts abundantly proved the acceptance of the dedication.

6. CHANCERY—*bill to quiet title and declare a dedication.* Where the acts of proprietors, in laying off a town, as well as subsequent acts, showed a dedication of ground between lots laid off and the right of way of a railroad company, which had been accepted; and where the grantees of the original proprietors afterwards asserted a claim of title to the land so dedicated, by bringing various actions of trespass against those using the same: *Held,* that a bill to quiet title and establish the dedication, brought by the town after its incorporation, the railroad company and others, would lie.

WRIT OF ERROR to the Circuit Court of Clay county; the Hon. RICHARD S. CANBY, Judge, presiding.

Mr. B. B. SMITH, and Mr. M. SCHÆFFER, for the plaintiffs in error.

Mr. H. P. BUXTON, and Mr. RUFUS COPE, for the defendants in error.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The object of this bill was to quiet title and declare a dedication. Justice to the parties and the protection of the public rights require that it should be sustained.

The only question is, was there a dedication of the ground in controversy and an acceptance?

It is not necessary, to constitute a dedication, that there should be a grant in writing. It may often be to the use of an unincorporated town, or to the public—a body incapable of taking by grant—and in such case, there could be no writing to manifest the intention. When a party owning lands shall do such acts *in pais* as amount to a dedication, he is estopped from a denial of the right to enjoy what has been thus dedicated; and when made and accepted by the public, it is irrevocable.

Dedications may be proved in every conceivable way—by a survey and plat alone, and by grant, by user and by the acts and declarations of the owner. *Godfrey* v. *The City of Alton*, 12 Ill. 29; *Marcy* v. *Taylor*, 19 Ill. 634.

They may be shown by matter *in pais*, consisting of the acts and accompanying declarations of the owner, and acceptance may be proved by the user of the public or by the acts of officers. They may be inferred from length of user and acquiescence by the owners. Acquiescence by the owner will estop his grantee from a denial. *Dimon* v. *The People*, 17 Ill. 416; *Rees* v. *The City of Chicago*, 38 Ill. 322.

With this cursory view of the law, we will briefly advert to the facts.

Previous to the laying out of the town of Flora, the Ohio and Mississippi Railroad had acquired the right of way through the tract of land upon which the town was laid out. When the plat of the town was made, acknowledged and filed for record, strips of ground were left on each side of the right of way. On this vacant space, on each side of the right of way, lots, as platted, abutted.

The plat was signed by White, one of the proprietors, and by Brown, by his attorney in fact. Brown was trustee of Sanger, Camp & Co., and had the legal title. The defendants below claim title as grantees of Sanger, Camp & Co.

At the time of the survey, White, one of the owners, declared that the reservation was for the use of the public; and the surveyor testified that it was the general understanding that the space was left for the benefit of the public.

Numerous lots have been sold by both proprietors, with reference to the plat, and the houses erected generally have their fronts on the vacant ground. White, one of the owners, stated explicitly that the space was not to be claimed by the proprietors; that the plat was the joint production of himself and Brown, trustee of Sanger, Camp & Co., and that the ground was intended for the accommodation of the public and the railroad company.

For ten years there was an acquiescence in the plat, and no taxes were paid by the original owners. Indeed the evidence as to the intention to dedicate is clear and conclusive.

The objection is made that Brown did not sign the certificate to the plat, and that the attorney in fact did not acknowledge it, and that no power of attorney was shown.

The sale of lots by the plat, the long acquiescence, the non-payment of taxes, the utter neglect of the property for so many years, clearly indicate the adoption of the plat.

The acceptance is abundantly proved. For sixteen years the railroad used the ground for purposes connected with its business, and the public has also enjoyed the use for wood, lumber, pens for grain and as a pass-way.

The effort to obtain possession of this ground partakes too much of the character of an attempt to revive a stale and abandoned claim, and ought to be restrained.

The decree is affirmed.

*Decree affirmed.*