ASAHEL GRIDLEY

*v.*

A. L. HOPKINS, Receiver, etc.

1. DEDICATION—*fails with failure of title of one making it.* A person can convey or donate no more or greater title than he has. If one, whose title is conditional, makes a dedication, and his title fails, the dedication fails.

2. ESTOPPEL—*owner of ground claiming under dedication by plat.* Where a plat of ground is made by one, whose title afterwards fails, and the real owner recognizes the plat, and conveys lots according to the description therein, and abutting upon public grounds as designated by the plat, he is estopped from claiming such ground so designated in the plat as public grounds.*

*See *Zearing* v. *Raber*, 74 Ill. 409.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Messrs. STEVENSON & EWING, and Messrs. H. & J. D. SPENCER, for the appellant.

Mr. R. G. INGERSOLL, and Mr. W. S. BUSH, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

In the year 1856, and prior thereto, the Illinois Central Railroad Company was the owner of section 4, township 26 north, range 3 east, third principal meridian, in McLean county, and Carlile and Kent became the purchasers from the company, and received a bond for a conveyance. They, with one Smith, deeded, on the 4th of September, of that year, to the eastern extension of the Peoria and Oquawka Railroad Company, a strip, 100 feet wide, through the section, for a right of way. They, still holding the bond for a conveyance, on the 2d of December following, p'atted the town of Gridley on the west half of the south-east quarter of the section. The plat was properly acknowledged, certified and recorded. There was marked on the plat a parallelogram, 1040 feet long and 344 feet wide, including 100 feet right of way, "depot grounds" and the right of way east and west of it to the "Peoria and Oquawka railroad." The 100 feet for right of way was not separated from the adjoining land on each side, by lines or any other marks of designation. Lots and blocks, according to the map, abut on this open space, and their numbers and signs are indicated by figures on the map, but embracing no portion of this ground.

In 1856 and 1857, the Peoria and Oquawka Railroad Company was running cars over its track on this open space in the town. On the 11th of December, 1856, Carlile and Kent conveyed one-eighth of blocks from 1 to 38 of the town, to appellant; and, on the 6th of July, Carlile and Kent conveyed to him their entire interest in the town, describing it by lots and blocks. according to their plat of the town. Appellant subse-

34—84TH ILL.

quently made a large number of conveyances of lots in the town by the original plat.

Carlile and. Kent, afterwards, surrendered their bond for a conveyance to the Illinois Central company. In March, 1865, the Peoria and Oquawka railroad was sold by the United States Marshal, under a decree of the United States Circuit Court, and C. L. Frost and others became the purchasers, and they conveyed it to the Toledo, Peoria and Warsaw Railway Company. On the 25th of June, 1865, the Illinois Central company conveyed the land on which the town is situated to F. D. Tator, reserving a strip of 100 feet wide as the right of way for the use of the eastern extension of the Peoria and Oquawka Railroad Company. On the 15th .of May, 1866, Tator conveyed the whole section to appellant. He, on the 6th of July, 1875, replatted the town, adopting the original plat, except as to this open space, which he platted in blocks, lots and streets, and acknowledged and recorded the plat thus made. Appellee and those under whom he claims paid taxes on their grounds from 1857 to 1872, as it was assessed to them.

The case was submitted to the court below for trial without a jury, by consent of parties. The court found for defendant, and rendered a judgment in his favor, and plaintiff appeals.

It is urged, in maintenance of the judgment, that appellant is estopped, by dedication by those under whom he claims and his own acts, to recover; and if not, that appellee has held under claim and color of title, possession and payment of taxes for more than seven years, and that an action is barred by the act of 1839. Did Carlile and Kent dedicate this open space to public use, as to the railroad company? Or, if not, has appellant, by selling lots and otherwise recognizing the plat made by Carlile and Kent, dedicated it or estopped himself from now claiming it? We are clearly of opinion they failed to make an effectual dedication. A dedication of property for public use is in the nature of a conveyance for the purposes of the use; but a person can convey or donate no more or greater title than he holds. If he has no title, or his title is conditional, and it fails, the dedication fails. This

would seem to be axiomatic. When, therefore, Carlile and Kent platted this ground, they had no title, but only a contract for a title. Hence, their attempted dedication failed when their contract with the railroad company failed. Had they conveyed this land by deed to an individual, and their contract had failed, and it was canceled, all, we presume, will concede that their grantee's title would have failed; and the public and the railroad company can occupy no better position than a natural person, and they acquired nothing by the attempted dedication.

Then, is appellant estopped, by recognizing the original plat and selling some sixty lots by it, from claiming this ground? Had he sold property abutting on the ground in dispute, there would seem to be no doubt that such a recognition of the plat would estop him from asserting that it was not dedicated by him as grounds for public or railroad purposes; and he is, no doubt, so estopped as to all claim in the streets abutting lots which he sold, independent of the new plat he made and recorded. By their sale, he impliedly gave the purchaser the right to use the street, and by selling by and referring to the plat, he adopted it as his own, so far, at least, as it related to the land thus sold. This, we understand to be the well established doctrine of the common law.

But by adopting, referring to and making that plat a part of his deeds of conveyance for the several lots sold, did appellant adopt the entire plat as his own, with all its dedications and reservations? In the case of *Smith* v. *Town of Flora*, 64 Ill. 93, it was held, that proprietors of the town, although the plat was defectively executed, were estopped from claiming property similarly situated to this, by having recognized the plat in selling property by the description employed in the plat. There, as here, was left a strip of ground on each side of the right of way, which, like this ground, was used by the public and the railroad company. The facts of the two cases are very similar,—so much so that we are unable to make any just distinction. There, the time was something longer than here, but, in case of dedication,

that is not important. In that case, the grantees of the proprietors were held to be estopped by their recognition of the plat, because their grantors were estopped when they purchased. Here, the owner and proprietor, who has recognized the plat, is asserting the right, and what estopped the proprietors in that case, must in this. In that, as in this case, the public had used and passed over the ground at will; cattle pens, corn pens and other structures had been erected on the grounds. The slight difference in the facts is not sufficient to create any just distinction between these cases, and that must govern this. This view of the case renders it unnecessary, at this time, to discuss the question of the limitation of this action.

We, however, do not feel called on to determine whether this dedication was to the public, or to the railroad company, or to both. There is evidence that appellant, on, perhaps, more than one occasion, stated that these grounds belonged to the public. This, he denies; but Kent, one of the proprietors who laid out the town, testifies that it was intended, and so stated at the time, that it was for public use, and for that reason he thought it was not right, and objected to having this space marked "depot grounds," but finally consented. On the other hand, the plat has this ground marked "depot grounds," and the company has been in the occupancy of a portion of it, by itself and others, whilst the town has its calaboose located on a portion of it, apparently claiming the right to use it for public purposes; but, whether they hold it jointly, or one or the other has the right by the dedication to its use, can in nowise matter in this suit, as appellant is estopped from recovering it. The evidence shows that he is not entitled to the exclusive or any other possession, and without such right he can not recover in ejectment.

The judgment of the court below must be affirmed.

*Judgment affirmed.*