## HARRIET McKEY SMITH

### *v.*

## ULRICH YOUNG.

*Filed at Ottawa January 20, 1896—Rehearing denied March 13, 1896.*

1. EVIDENCE—*as to title under which one holds possession of premises—burden.*　Evidence that defendant in a suit to enjoin the closing of an alley is in possession of the premises, with deeds to him from a common source of title with the plaintiff, imposes upon him the burden of showing that his possession is not under the title evidenced by such deeds.

2. DEEDS—*when plat becomes part of description in deed.*　A plat referred to in the description of a deed becomes, with all the particulars shown in it, a part of such description.

3. EASEMENTS—*in an alley—when created by plat.*　An easement is created for the benefit of all the abutting lots by a plat referred

| 160 | 163 |
|---|---|
| 171 | 375 |

| 160 | 163 |
|---|---|
| e88a | 72 |

| 160 | 163 |
|---|---|
| 186 | ²349 |

| 160 | 163 |
|---|---|
| 192 | ³434 |

| 160 | 163 |
|---|---|
| 196 | ²579 |

| 160 | 163 |
|---|---|
| 199 | ⁵287 |
| 199 | ⁸293 |

| 160 | 163 |
|---|---|
| 212 | ² 93 |

to in deeds of such lots made by the owners of the tract, as part of the description, where a strip of land is indicated by dotted lines, with the words "reserved for private alley," so as to form a connection between the street and an alley otherwise inaccessible, although the solid lot lines pass unbroken through the dotted lines that indicate such private alley.

4. SAME—*acceptance of private alley as per plat not necessary.* An acceptance of a plat and a private alley shown thereon is not necessary to create an easement over such alley in favor of the owner of a lot designated upon such plat as abutting thereon.

5. ESTOPPEL—*grantor estopped by plat referred to in his deed.* An owner of land who recognizes a plat made by a third person, and conveys lots according to the description therein, as abutting upon grounds designated in the plat as a private alley, is estopped, with his grantee, to deny the easement over such alley in favor of the owners of such lots.

6. APPEALS AND ERRORS—*objection that remedy is at law must be made below.* The objection that there is an ample remedy at law cannot be first raised on appeal, in a suit to enjoin the obstruction of an alley over which the complainant claims an easement, where the defendant answers and goes to a hearing upon the merits.

7. INJUNCTION—*against obstructing alley—what is ground for.* It is not necessary, to justify an injunction against the obstruction of a private alley, that the easement claimed by the complainant is absolutely necessary for the enjoyment of his estate, but it is sufficient if it is highly convenient and beneficial therefor.

8. SAME—*lies where there is no adequate remedy at law.* An injunction will lie on the ground that there is no adequate remedy at law to prevent the erection of gates across a private alley, at the suit of an abutting owner having an easement over such alley.

APPEAL from the Circuit Court of Cook county; the Hon. S. P. McCONNELL, Judge, presiding.

M. S. BRADLEY, and ALEX. S. BRADLEY, for appellant:

A grantee is estopped by the recitals in the deed to him, including the recitals of the description, and what they necessarily imply. *Orthwein* v. *Thomas,* 127 Ill. 554; *McFarlane* v. *Williams,* 107 id. 43.

The parties to a deed bounding land on a street are estopped to deny the existence of the street. So, also, of a private way shown on a plat referred to by the deed. 7 Am. & Eng. Ency. of Law, 7.

The mortgagee was held estopped as to the private square, in *Smith* v. *Heath*, 102 Ill. 130.

Our Supreme Court has held that the word "private" on a plat indicates that the space is donated for the use of those who become owners of the lots.    *Smith* v. *Heath*, 102 Ill. 130.

Non-user less than twenty years would not affect a right once acquired.   1 Washburn on Easements, (4th ed.) chap. 5, sec. 6, par. 1; *Kuecken* v. *Voltz*, 110 Ill. 264.

A sidewalk across an easement is not an adverse possession.    *Kuecken* v. *Voltz*, 110 Ill. 270.

Where the injury is "of a continuous nature" or "a continuing act" it raises an equity.   3 Pomeroy's Eq. Jur. sec. 1357; *Brunnemeyer* v. *Buhre*, 32 Ill. 192 ; *Mills* v. *Seed Store*, 65 Miss. 391; *Schaubele* v. *Doyle*, 86 Cal. 107.

Where there is a common right in controversy, "one person asserting the right of many," equity will give relief.    1 High on Injunctions, sec. 12;   *Green* v. *Oakes*, 17 Ill. 251;  *Christie* v. *Hale*, 46 id. 117.

STIRLEN & KING, for appellee:

No proof was offered of the ownership of the alleged subdividers, which omission alone would defeat recognition of the instrument as a statutory plat.   *Baugan* v. *Mann*, 59 Ill. 492.

An intention to dedicate land must be clearly and unequivocally manifested by the owner, and the dedication must be accepted.    *Eckhart* v. *Irons*, 128 Ill. 568.

The instrument cannot take effect as a plat until acceptance by the municipality.   *Hamilton* v. *Railway Co.* 124 Ill. 235.

Only the parties to a deed, and those in privity with them, are bound by or can take advantage of the estoppel created by the instrument.   Bigelow on Estoppel, (5th ed.) 334;  7 Am. & Eng. Ency. of Law, 4;  *Massure* v. *Noble*, 11 Ill. 531.

Nor does a valid deed create an estoppel in collateral matters. 7 Am. & Eng. Ency. of Law, 5.

· In the law of estoppel one person becomes privy to another by succeeding to the position of that other as regards the subject of the estoppel, or by holding in subordination to him. Bigelow on Estoppel, (5th ed.) 142.

Where the owner of a defined way stood by and saw the purchaser of the servient estate erect a house across the way so as to effectually close it, and made no objection, it was held to work an estoppel to any claim of right to remove the building for the purpose of opening the way. Washburn on Easements, (4th ed.) 699; *Anderson* v. *Hubble*, 93 Ind. 570; *Cairncross* v. *Lorimer*, 3 Macq. 827.

The assertion of an estoppel may be prevented by the existence of an estoppel by deed, or by matters *in pais* against its use. 7 Am. & Eng. Ency. of Law, 5.

Estoppel against estoppel generally sets the matter at large. Bigelow on Estoppel, (5th ed.) 360.

The case is not one for injunction. *Weaver* v. *Poyer*, 73 Ill. 489; *Oswald* v. *Wolf*, 129 id. 200; *Rhea* v. *Forsyth*, 37 Pa. St. 503.

Where the evidence presents a probability that more wrong will be done than prevented by the injunction prayed for, it will not be granted. 10 Am. & Eng. Ency. of Law, 783.

Mr. JUSTICE BAKER delivered the opinion of the court:

This is a bill for injunction, exhibited by Harriet McKey Smith, the appellant, against Ulrich Young, the appellee, and one Gower, to restrain said Young and Gower from erecting a gate or other obstruction in or across a private alley ten feet wide, east of and adjoining lot 12 and the south ten feet of lot 13, in Cornell, Hibbard & Goodman's subdivision of blocks 11 and 12 in Kimbark's addition to Hyde Park. In her bill the appellant alleges that she is the owner in fee simple and in the actual possession and occupation of said lot 12 and said south ten

feet of said lot 13, "together with an easement of a private alley ten feet wide, east of and adjoining the east line of her said property." The defendant Gower made default, but appellee filed an answer, to which there was replication. In his answer appellee admits that appellant is the owner in fee simple of lot 12 and the south ten feet of lot 13 above mentioned, but denies that she is the owner or ever was in possession of an easement of a private alley ten feet wide east of and adjoining the east line of said premises, or that there is any such easement in existence, and avers that he, the appellee, is the owner, and has for a long space of time been in actual and exclusive possession of said strip ten feet wide. At the hearing the circuit court found that appellant (complainant below) is not entitled to the easement claimed in the bill of complaint, and dismissed the bill for want of equity, and this appeal was then prosecuted.

The evidence shows that on August 7, 1885, there was recorded in the office of the recorder of deeds of Cook county a plat of Cornell, Hibbard & Goodman's subdivision of blocks 11 and 12 of Kimbark's addition to Hyde Park, said addition being a subdivision in the west half of the south-east quarter of section 11, township 38, north, range 14, east of the third principal meridian. There is a surveyor's certificate written on said plat, which is as follows: "I have subdivided said blocks into thirty-nine lots, as follows: Block 11 into eighteen lots and block 12 into twenty-one lots,—all of which is correctly represented by the plat hereon drawn." Said plat is signed, sealed and acknowledged by Aaron C. Goodman as "the owner of that portion of the above platted premises lying west of the center of Hibbard avenue," and is signed, sealed and acknowledged by Homer N. Hibbard and Elizabeth G. Cornell as "the owners of that portion of the above platted premises lying east of the center of Hibbard avenue." There also appears upon the plat a memorandum, as follows:

"STATE OF ILLINOIS,  ⎱
    *Cook County,*    ⎰ *ss.*
Village of Hyde Park. ⎰

    "Examined and approved by me August 6, 1885.

      FRED K. ROOT, Examiner of Plats and Subd'ns."

    The part of the plat that covers the premises lying east of Hibbard avenue is substantially as follows:

    Appellant also introduced in evidence a deed executed by William M. Craig and John Evans Cornell to Ernest Albert and Richard Henry Madden, and conveying to them, in consideration of $3600, "lot 12 and the south ten feet of lot 13, of block 12, Cornell, Hibbard & Goodman's

subdivision of blocks 11 and 12 of Kimbark's addition to Hyde Park, said addition being situated in section 11, township 38, north, range 14, east of the third principal meridian," as also a deed from said Albert and wife and said Madden and wife conveying the same premises to appellant, in consideration of $20,000; and she also introduced in evidence a deed dated March 30, 1886, executed by William M. Craig and wife and John Evans Cornell, and conveying, in consideration of $4250, to Sarah Ellen Gower, "all of lot 11, except the east twelve and one-half feet thereof, in block 12, in Cornell, Hibbard & Goodman's subdivision of blocks 11 and 12 of Kimbark's addition to Hyde Park, said addition being situated in section 11, township 38 north, range 14, east of the third principal meridian," as also a deed dated October 14, 1891, for the same property, made by Sarah E. and Harry Gower to Ulrich Young, the appellee.

It seems to be relied on as a fatal objection to the case made by appellant, that she does not either show that Cornell, Hibbard & Goodman, the makers of the plat, were the owners of the land that they platted, or connect the title of appellee with their title by showing a chain of title from them to him. The case of *Baugan* v. *Mann,* 59 Ill. 492, is cited as authority. The dedication there alleged failed because it neither appeared that the person who made the dedication had title to the premises, nor that the defendant claimed title under him. There can be no question that the rule is, that it is a primary condition of every valid dedication that it shall be made by the owner of the fee. But there is a marked difference between that case and this, for in that case "there was no evidence on either side as to the title of appellant," who was defendant to the bill for injunction, while here there is evidence as to the title of appellee, who is defendant to this bill. It is true that appellee did not claim, in his answer or at the hearing, under any deed, but relied upon possession. Appellant, however, not only introduced in

evidence a deed from William M. Craig and John Evans Cornell to Albert and Madden, and a deed from Albert and Madden to herself, for lot 12 and the south ten feet of lot 13, but also introduced in evidence a deed from the same Craig and the same Cornell to Sarah Ellen Gower, and a deed from said Gower and her husband to appellee, for all of lot 11 except the east twelve and one-half feet thereof. And the rule is, that where a defendant is in possession of premises and a source of title is traced to him, it is *prima facie* evidence that he is in under that title, and it devolves upon him to show to the contrary. *Mettler* v. *Miller*, 129 Ill. 630; *Holbrook* v. *Brenner*, 31 id. 501; *Snapp* v. *Peirce*, 24 id. 157.

The evidence, then, shows that appellant and appellee have a common source of title, that common source being William M. Craig and John Evans Cornell. The difficulty in the case grows out of the fact that the evidence does not show a chain of title to said Craig and said John Evans Cornell from Homer N. Hibbard and Elizabeth G. Cornell, who assumed to be owners of block 12, and joined in making the plat as such owners. But we think this difficulty is obviated by other evidence found in the record. In each of the deeds in appellant's chain of title from Craig and Cornell, and in each of the deeds in appellee's chain of title from the same source, the property conveyed is described as being certain designated lots or parts of lots in block 12, of Cornell, Hibbard & Goodman's subdivision of blocks 11 and 12 of Kimbark's addition to Hyde Park. In *Henderson* v. *Hatterman*, 146 Ill. 555, we said (p. 563): "Where a deed refers to a plat or subdivision, the particulars shown upon such plat or subdivision are as much a part of the deed as though they were recited in it." In *Louisville and Nashville Railroad Co.* v. *Koelle*, 104 Ill. 455, it is said (p. 461): "The location thus referred to became a part of the deed,—a descriptive part of the subject of conveyance,—making it the same as if the deed in terms had described the location of the switch

for which, in part, the right of way was granted." And in the deed that was in question in *Piper* v. *Connelly*, 108 Ill. 646, there was a reference to "the map drawn on the back hereof," and it was said (p. 652): "This makes the plat on the back of the deed as much a part of the description as if it were drawn in the description,—a descriptive part of the subject of conveyance."

The reference here is to block 12 of Cornell, Hibbard & Goodman's subdivision of blocks 11 and 12 of Kimbark's addition to Hyde Park. Turning to the plat of such subdivision as it was made and recorded, we find that appellee's lot (lot 11) lies east of the east or rear ends of lots 12, 13 and 14; that said lot 11 fronts 47.75 feet on Fifty-second street, but that a dotted line running north from Fifty-second street separates the west ten feet of said lot from the remaining 37.75 feet thereof; that the space lying between the dotted line and the solid black line which marks the east boundary of lots 12, 13 and 14 is marked as being ten feet wide, and upon it are written the words, "Reserved for private alley," and that said space is so platted as to form a connection with the alley twenty-five feet wide that runs north and south in the center of block 12, and that this latter alley is inaccessible except through the space ten feet wide that we have mentioned, or through a similar space ten feet wide, also marked "Reserved for private alley," that runs south from Fifty-first street,—the two spaces ten feet wide and the alley twenty-five feet wide forming, when taken together, a continuous alley through block 12, from north to south, and affording a means of access to and from the rear ends of almost all of the lots in said block.

It is to be noted that, excluding this lot 11, all the figures on the plat, indicating either the frontage or the depth of the respective lots, are inside figures; that lot 11 likewise has inside figures in front—the figures "10" across the space marked "Reserved for private alley" and the figures "37.75" across the space that lies between the dotted

line and the east line of the lot,—and that in addition to these inside figures said lot 11 also has the outside figures 47.75, which are manifestly obtained by the addition of the inside figures 10 and 37.75, and making the full continuous dimension of the front or base line of the lot 47.75 feet. And it is also to be noted that the frontage of the lot, after deducting that portion of it "reserved for private alley," is 37.75 feet, which is the exact measurement of the frontage of the adjoining lot 10.

From the plat, which must be read into the deeds, we think there can be no question but that the space ten feet wide on the west side of lot 11 was intended to be reserved as a private alley for the use of the several lots on either side of such alley. (*Cihak* v. *Klekr*, 117 Ill. 643.) No other reasonable interpretation can be placed upon the plat. It is true that said strip ten feet wide is a part of lot 11, and that both the deed to Gower and the deed from Gower conveyed "all of lot 11 except the east twelve and one-half feet thereof;" but such conveyances are entirely consistent with the existence of an easement as to this ten feet of ground which is appurtenant to all the lots that were platted at the same time that the alley was platted and that abut upon such alley. And therefore, also, the fact that on the plat the solid lot lines pass unbroken through the dotted lines that define the limits of the easement insisted upon are not inconsistent with the existence of such easement.

The case of *Eckhart* v. *Irons*, 128 Ill. 568, is not here in point, and does not militate against the conclusion we have reached. In that case the strip of ground twenty feet wide that was marked off by the dotted line was contiguous to Monroe street, and there were no words on the plat to show an intention to dedicate this north twenty feet of the lots either to the use of the public or to the use of the purchasers of other lots. Here, on the other hand, the intention to grant an easement as to the strip

ten feet wide is clearly indicated by the words "Reserved for private alley," written upon and along said strip.

As we have already seen, appellant and appellee have a common source of title, that common source being William M. Craig and John Evans Cornell; and Craig and Cornell, in conveying to the grantors of both appellant and appellee, made direct and explicit reference to the subdivision of Cornell, Hibbard & Goodman, and designated and described the lots and parts of lots conveyed to them, respectively, by the numbers and descriptions shown on the plat of said subdivision. It must be conceded that this record does not show that the original makers of the plat, Cornell, Hibbard & Goodman, were the owners of the land that they platted, or show that the chains of title of appellant and appellee run back to them. We do not, however, regard this failure of proof as fatal to the case of appellee. Where ground is platted by a person who does not have title or whose title afterwards fails, if the real owner recognizes the plat and conveys lots according to the description therein, and abutting upon grounds designated in the plat as public, he is estopped afterwards to claim the ground so designated, for by adopting, referring to and making that plat a part of his deeds of conveyance for the several lots sold, the real owner adopts the entire plat as his own, with all its dedications and reservations. (*Gridley* v. *Hopkins*, 84 Ill. 528.) And the grantees of such owner are also estopped, because the dedications or reservations have received their grantor's acquiescence. (*Gridley* v. *Hopkins, supra; Smith* v. *Town of Flora,* 64 Ill. 93; *Rees* v. *City of Chicago,* 38 id. 322.) Not only this, but appellee took title and went into possession under a deed from Gower which directly referred to the subdivision of Cornell, Hibbard & Goodman, and designated and described the property conveyed to him by the numbers and description appearing upon the plat of said subdivision, and this, as we have seen, read the particulars shown upon such plat or

subdivision into his deed, and made them as much a part of the deed as though they were recited in it. The rule is, that the grantee in a deed is estopped to deny any fact admitted by a recital therein, and that whatever rights legitimately arise on such admitted facts may at all times be asserted. *Byrne* v. *Morehouse,* 22 Ill. 602; *Pinckard* v. *Milmine,* 76 id. 453; *Orthwein* v. *Thomas,* 127 id. 554; *Rigg* v. *Cook,* 4 Gilm. 336.

The certificate of the surveyor who certifies to the plat states, "I have surveyed blocks 11 and 12 of Kimbark's addition to Hyde Park," and also states, "I have subdivided said blocks," etc. This sufficiently identifies the premises surveyed and subdivided; and the subsequent clause of the certificate, in which occurs the language which it is urged is uncertain,—*i. e.,* "said addition being a subdivision in the west half," etc.,—may be rejected as surplusage.

It is claimed that no acceptance of the plat or the alley by the village of Hyde Park is shown. No acceptance by the municipality is necessary. Only a private alley is involved in this controversy. Appellant's right is established by showing that she has an easement,—the right of passage,—as an incident to her ownership of lot 12 and the south ten feet of lot 13. *Newell* v. *Sass,* 142 Ill. 104.

It is urged that there is an ample remedy at law even if appellant is entitled to the easement that she claims, and that therefore the case is not one which authorizes relief in a court of equity. If appellee desired to raise that question he should have demurred to the bill, instead of answering and going to a hearing on the evidence upon the merits of the case, for, at all events, the subject matter of the litigation is not wholly foreign to the jurisdiction of a court of equity.

It is not necessary, in order to justify the interposition of a court of chancery, that the easement claimed by the complainant is absolutely necessary for the enjoyment of the estate granted,—it is sufficient if it is highly conven-

ient and beneficial therefor.    (*Cihak* v. *Klekr*, 117 Ill. 643 ; *Newell* v. *Sass*, 142 id. 104.). And this court has held, that where easements or servitudes are annexed to private estates, and the case of the complainant is clearly established by the evidence, injunction will lie to prevent obstructions to private ways, on the ground that there is no adequate remedy at law.    (*McCann* v. *Day*, 57 Ill. 101; *Newell* v. *Sass*, *supra ; Turpin* v. *Dennis*, 139 Ill. 274 ; *Cihak* v. *Klekr*, *supra.*)    Without going into the details of the testimony and the facts, we may say that the evidence brings this case within the domain of the rules just stated.

In our opinion it was error to hold that the appellant is not entitled to the easement claimed in her bill of complaint, and to dismiss her bill for want of equity.    The decree is reversed and the cause is remanded, with directions to grant a perpetual injunction, as prayed for in the bill of complaint.    *Reversed and remanded.*