### Ulrich Young v. Sarah E. Gower and Harry Gower.

1. EASEMENTS—*Breach of Covenant.*—The existence of an easement such as that described in the declaration in this case is a breach of the covenant against incumbrances.

2. PLEADING—*Defined.*—Pleading is the statement in a logical and legal form of the facts which constitute the plaintiff's cause of action, or the defendant's ground of defense.

3. DECLARATIONS—*References to Decisions.*—A reference to the decision of the Supreme Court in the declaration is not a reference to the opinion, but is at most a reference to the record of that court, and the opinion is no part of the record.

4. SURPLUSAGE—*Opinions Set Out in the Declaration.*—An opinion set out at large in the declaration is surplusage.

Action of Covenant.—Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in this court at the October term, 1899. Reversed and remanded. Opinion filed March 12, 1900.

SAMUEL B. KING, attorney for appellant.

The opinion of a court is not its judgment. Bucking-ham's Appeal, 60 Conn. 143; Davidson v. Carroll, 23 La. Ann. 108; Burke v. Table Mountain Water Co., 12 Cal. 408; Lambert v. Hyers, 27 Ill. App. 400.

CHURCH, McMURDY & SHERMAN, attorneys for appellees.

MR. JUSTICE ADAMS delivered the opinion of the court.

Appellant, plaintiff in the trial court, sued appellees, defendants in that court, in covenant.

The declaration avers that the defendants, Sarah E. Gower and Harry Gower, by their deed of date October 14, 1891, in consideration of the sum of $5,000, conveyed and warranted to the plaintiff all of lot 11, except the east 12½ feet thereof, in block 12, in Cornell, Hibbard and Good-man's subdivision of blocks 11 and 12 in Kimbark's addition to Hyde Park, said addition being situated in section 11, township 38 north, range 14 east of the third principal meridian, in Cook county, Illinois, and by their said deed covenanted, among other things, that they were lawfully seized of an indefeasible estate in said premises, and that the same were free from incumbrances, etc.

The declaration then avers that the premises so conveyed were not free from incumbrance; that one Harriet McKay Smith, at the time of the execution of the deed, had and still has, in common with divers other persons, an easement consisting of the right-of-way to pass over and use, for the purposes of a private alley, a certain portion of the land attempted to be conveyed by said deed. The declaration then describes by metes and bounds the land subject to the easement, which is a part of the premises purported to be conveyed to plaintiff by the deed, and proceeds as follows:

"And the said Harriet McKay Smith, who was then pos-sessed of said right as aforesaid, did on or about the ninth day of April, A. D. 1892, procure an injunction to be issued from the Circuit Court of Cook County, Illinois, in a certain suit in chancery, wherein she was then and there complain-ant, and the plaintiff and said Harry Gower were defend-

ants, restraining the plaintiff from erecting any gate or obstruction in or across the said strip, and such proceedings were had in said court and in the Supreme Court of Illinois, upon appeal thereto from a decree of said Circuit Court ordering the said bill dismissed, that said injunction has been made perpetual, and a determination made by said Supreme Court, that said land was burdened with said easement, by means whereof the plaintiff has been and is evicted from said last part of the land by the defendants conveyed, as aforesaid, by due process of law," etc.

Damage is then averred to the amount of, to wit, $1,000, and loss of money in paying taxes and assessments on the land burdened with the easement, and by expenses in defending the suit in chancery. The defendants demurred generally to the declaration, and the court sustained the demurrer and rendered judgment against the plaintiff for costs, to reverse which is the object of this appeal.

The existence of an easement such as that described in the declaration is a breach of the covenant against incumbrances. Rawle on Covenants for Title, 5th Ed., Sec. 79.

This is not questioned by appellees' counsel, but they contend that the reference to the decision of the Supreme Court in the chancery suit of Smith v. Young, the plaintiff, and Harry Gower, 160 Ill. 163, makes the opinion in that case a part of the declaration, and that it is evident from that opinion that the plaintiff must ultimately be defeated. We can not coincide in this view. The reference to the decision of the Supreme Court in the declaration is not a reference to the opinion, but is, at most, a reference to the record of that court, and the opinion is no part of the record. Moreover, if the opinion were set out at large in the declaration. it would be surplusage and bad pleading, because "pleading is the statement, in a logical and legal form, of the facts which constitute the plaintiff's cause of action, or the defendant's ground of defense," (1 Chitty on Pl., 9th Am. Ed., 213,) and it can not be said that the opinion of the Supreme Court in the case referred to, is a fact constituting or tending to constitute the plaintiff's cause of action. If the facts which appeared in Smith v. Young, 163 Ill. 160, and on which the decision in that case was based, shall be

proved on the trial of the present case, the plaintiff may be defeated; but clearly, a reference in the declaration to the decision in the former case, can not operate as an averment of the facts proved in that case. The declaration is not obnoxious to general demurrer and should have been overruled.

The judgment will be reversed and the cause remanded.