SALLIE R. THOMAS, Plaintiff in Error, *vs.* MELVILLE F. METZ *et al.* Defendants in Error.

*Opinion filed October 26, 1908.*

1. DEDICATION—*when property owners in block are estopped to deny common law dedication.* Where a block is re-surveyed and a plat thereof made, which is recorded although not acknowledged as required by statute, there is a common law dedication, and if the owners of lots in such block thereafter convey according to the descriptions contained in such plat and by reference thereto they adopt the plat with all its dedications, and they, and those who succeed to their title, are estopped to deny such dedications.

2. SAME—*when ordinance purporting to vacate an alley is void.* An ordinance purporting to vacate an alley is void and of no effect where it does not appear from the record of the city council that it was passed by the necessary three-fourths majority of all the aldermen of the city, as required by the statute.

3. SAME—*when doctrine of equitable estoppel does not apply.* The doctrine of equitable estoppel to bar the use of an alley by the public has no application with respect to such portions of the alley as have never been closed up or occupied by any private individual but which have been continually used as a way.

4. SAME—*when property owner is not estopped to claim easement of way.* The facts that the owner of a lot in a block understood, when he bought the lot, that the alley at the rear thereof was a private alley for the use of lot owners only, and that he thereafter accepted a deed from the owners of the fee to the half of the alley adjoining his lot, do not estop him to claim an easement of passage in such alley.

WRIT OF ERROR to the Circuit Court of Macon county; the Hon. W. C. JOHNS, Judge, presiding.

On September 21, 1906, Sallie R. Thomas, plaintiff in error, filed her bill in the circuit court of Macon county against Melville F. Metz and Asbury D. Metz, defendants in error, seeking an injunction restraining them from interfering with the use and possession by plaintiff in error of a strip of land eight feet wide and one hundred and thirty-five feet long, in block 8, in Read & Co.'s addition to the city of Decatur, alleged to be owned by her, and for other

relief. Defendants answered the bill, averring, among other things, that the strip of land in question had been laid out and platted as a public alley and that they were entitled to the use of the same, and that complainant was not entitled to the relief sought. The cause was referred to a master, who heard the proof and made a report finding that complainant was the owner in fee simple of the strip of land in dispute, and recommending that defendants should be perpetually enjoined from interfering with the use and possession of complainant, her heirs or assigns, in and to said strip of land. Objections to the master's report were overruled and ordered by the court to stand as exceptions, and on September 5, 1907, a decree was entered by the court sustaining certain of the exceptions and overruling others, and finding, among other things, that Sallie R. Thomas is the only heir-at-law of Milton B. Thomas and Susan C. Thomas, and is the owner of lots 6 and 7 of the re-survey of said block 8, except a small tract in the north-east corner of said lot 6, extending north and south twenty-five feet and east and west forty-two feet; that Melville F. Metz became the owner of the north half of lot 5, in said block 8, by virtue of a warranty deed executed by Susan C. Thomas and Milton B. Thomas, her husband, on April 27, 1882, and that he also became the owner of the south half of said lot by virtue of a warranty deed executed by the said Susan C. Thomas and Milton B. Thomas on February 15, 1887; that the whole of said lot 5 has been sold under a foreclosure proceeding against the said Melville F. Metz and his wife in the said circuit court, and that a certificate of purchase therefor was issued by the master in chancery of said court to Asbury D. Metz, and that since the filing of the bill herein he has received from said master a deed conveying to him all of the said lot 5, and that he is now the owner of the fee in said lot.

The decree further finds that on May 16, 1875, the said block 8 was re-surveyed and platted and divided into lots

fronting east and west, with a sixteen-foot alley running through the center of said block from north to south, which re-survey and plat show the size of said lots to be eighty feet in width north and south and one hundred and fifty-two feet in depth east and west; that said plat was not acknowledged by any of the owners of the lands in said block but that it was filed for record on May 25, 1878, and recorded in the records of Macon county, and that by reason of such filing and recording of said plat the streets and alleys shown thereon became and were dedicated to the public, and a common law dedication was thereby effected of said alley so running north and south through said re-survey of said block 8; that on September 5, 1881, the city council of the city of Decatur pretended to pass an ordinance vacating the said alley, which said pretended ordinance was and is illegal and void; that at the time said block 8 was originally laid out and platted it was owned in fee simple by Thomas H. Read and that said re-survey was made after his death; that prior to the passage of said ordinance, in June and July, 1881, all of the heirs of the said Read conveyed to Susan C. Thomas, by quit-claim deeds, the entire sixteen-foot alley; that the conveyance of Milton B. Thomas and wife to Melville F. Metz of the north half of said lot 5 included no part of the said alley.

The decree further finds that on July 9, 1881, the said Susan C. Thomas and Milton B. Thomas conveyed to De-Witt C. Shockley the east half of the said sixteen-foot alley adjoining lot 8 in said block 8, extending from the south the entire distance across said lot to the south line of said lot 5; that on July 19, 1881, the said Susan C. Thomas and Milton B. Thomas conveyed, by deed, to David S. Shellabarger the west half of the sixteen-foot alley adjoining lots 2 and 3 in said block, and that on October 3, 1881, they conveyed to said Shellabarger that portion of the west half of said alley extending from the south-east corner of said lot 3 south twenty-five feet; that on July 9, 1881, the said

Susan C. Thomas and Milton B. Thomas conveyed to James W. Haworth the east half of said alley lying immediately west of lots 1 and 4 in said block, and that said conveyances to Shellabarger and Haworth conveyed all of the said alley in said block north of the north line of said lot 5 and the north twenty-five feet of the west half of said alley lying west of the said lot 5; that on February 15, 1887, the said Susan C. Thomas and Milton B. Thomas conveyed to Melville F. Metz the east half of said alley lying immediately west of said lot 5, and that by the conveyances above mentioned the said Susan C. Thomas and Milton B. Thomas conveyed all of said alley to the owners of lots adjoining the same, except that portion of the west half of the alley extending north from the north line of North street one hundred and thirty-five feet, lying immediately east of lot 7 and a part of lot 6; that subsequent to the death of Milton B. Thomas, Susan C. Thomas, his widow and the mother of plaintiff in error, erected a fence along the west side of the remaining portion of said alley on the line between said alley and lot 6, which connected with a fence then existing on the east line of said lot 7, and that said fence remained on said line until it rotted down; that after the conveyance of the east half of said alley along said lot 5 to the said Melville F. Metz he built a barn on the north line of said lot 5, extending across the half of said alley so conveyed to him; that prior to the erection of said barn there was a gate across the east half of said alley at the north line of said lot 5, and that by opening the same persons could pass through said alley; that the said Melville F. Metz, from the time he purchased the north half of said lot 5 up to the time of the beginning of this suit, used the said alleyway in passing from the street along the south side of said block 8 to his barn and premises, and it was also used by the persons occupying the south half of said lot 5; that the said Metz kept the said alleyway in repair and covered with cinders during all of the time that he was using the same; that

about three years prior to the commencement of this suit the east half of said alley adjoining lot 8 was fenced in by one John Campbell, who claimed to own that portion of the alley by virtue of a deed from the said D. C. Shockley.

The decree further finds that there is no mode of egress from or ingress to the rear end of lot 5 except through the west half of the said sixteen-foot alley which is claimed by complainant; that the said Melville F. Metz has used said alley, by passing in and over the same to and from his said premises, from the time he purchased the north half of said lot 5, continuously and without interruption, up to the time of the commencement of this suit,—a period of more than twenty years; that the pretended vacation of said alley by the said city of Decatur was not done to subserve any public interest and that the public interest did not require such vacation, but that the said pretended vacation was for the sole benefit of the heirs of said Thomas H. Read and their grantee, Susan C. Thomas.

The bill was dismissed for want of equity. To review that decree Sallie R. Thomas has sued out a writ of error from this court.

From the plat found below, the location of the lots in block 8, the alleyway, and the fences and barns that have been built thereon since said re-survey, will appear. The plat filed and recorded at the time the re-survey was made shows an alleyway sixteen feet in width, extending through the center of the block from north to south, from Eldorado to North street. The portion of the alleyway over which defendants in error contend, in this suit, that they now have the right to travel, is the west half of the alley extending from North street to the Shellabarger barn. In July, 1906, prior to the commencement of this suit, plaintiff in error began the erection of a fence on the east line of the west half of the alley extending from "a" to "b," indicated by the dotted line on the plat. This fence was torn down by Melville F. Metz. In August of the same year the plaintiff in error

again attempted to erect a fence along this line and it was also torn down by said Metz, who was insolvent, and the bill was filed to prevent repeated trespasses by him.

Since the purchase of the north half of lot 5 by Metz on April 27, 1882, he used continuously up until about 1904, as an outlet from the rear of said lot, that portion of the alley extending south to North street, when the east half of the alley adjoining lot 8 was fenced in by Campbell. Since that time, in passing lot 8, Metz has been using only

the west half of the alley. Upon the hearing before the
master he testified that at the time he bought the north half
of lot 5 it was his understanding that there was a private
alley in block 8 for the general use of the property owners;
that he inferred it was a private alley and not for use by
the public. At the time of the purchase of this property
by Metz the Shellabarger barn had been erected on lot 6
and across the west half of the alley adjoining, as indicated
on the above plat, and the east half of the alley was closed
by a gate extending from the north-east corner of the Shel-
labarger barn to the north-west corner of lot 5. Evidence
was offered for the purpose of showing that the ordinance
passed by the city council of the city of Decatur on Septem-
ber 5, 1881, to vacate the said alley, was illegal and void.

It is contended by plaintiff in error (1) that the court
erred in finding that the alley in question was and is a pub-
lic alley; and (2) the court erred in finding that said alley
was never legally vacated.

LOUIS A. MILLS, HUGH CREA, and HUGH W. HOU-
SUM, for plaintiff in error.

BUCKINGHAM & GRAY, for defendants in error.

Mr. JUSTICE SCOTT delivered the opinion of the court:

When block 8 was re-surveyed, a plat thereof was made
and recorded showing a sixteen-foot alley extending through
the center of the block from north to south. As this plat
did not conform to the statute there was no statutory dedi-
cation of the alley. Thereafter, owners of real estate in
that block, through whom plaintiff in error claims, conveyed
realty therein according to the descriptions contained in the
plat and by reference to the plat. By so doing they adopted
the entire plat, with all its dedications. They thereby be-
came estopped to deny that there had been a common law
dedication of the alley. That estoppel is binding upon those

who, like plaintiff in error, succeed to the title of such original owners. *Smith* v. *Young,* 160 Ill. 163.

In 1881 the city council attempted to vacate this alley. The ordinance of vacation is void and of no effect because it does not appear from the record of the city council that it was passed by the necessary three-fourths majority of all the aldermen of the city, as required by section 1 of chapter 145, Hurd's Revised Statutes of 1905. For many years prior to the filing of the bill certain portions of this alley had been occupied by private persons and the city authorities had apparently regarded the ordinance as valid, as they had exercised no care or control over the alley after the passage of that ordinance.

Plaintiff in error contends that while the Statute of Limitations may not run against the city, yet the doctrine of equitable estoppel should be applied, both against the public and against the owners of the property in the block, so that the public and such owners will be barred from asserting a right of way over any part of the ground originally surveyed for an alley. In support of this contention we are referred to *Jordan* v. *City of Chenoa,* 166 Ill. 530. In that case the entire alley had been fenced up for over twenty years, and the doctrine of equitable estoppel, based upon such non-user, was successfully invoked. It is apparent that no such estoppel would arise as to an alley, or part of an alley, which had been in continual use as a way. The argument of plaintiff in error now under consideration is therefore without merit as to those portions of this alley which have never been closed up and which have never been actually occupied by any private individual but which have been continually used as a way, as is the case with that portion of this alley which plaintiff in error now seeks to close.

It is urged, however, that Melville F. Metz is estopped to contend that this is a public alley, because it appears that he stated in his testimony that when he bought the property in the block he understood that the alley was a private alley,

and because later he obtained a deed from the parents of plaintiff in error, from whom she inherits, for a strip of ground eight feet in width from east to west, adjoining and extending across the west end of lot 5, which lot was then owned by him. The grantors in that deed owned the fee in the alley subject to the easement therein, and his acceptance of a deed from them would convey such interest therein as they had, and is in no way inconsistent with the right which he now asserts. His belief that the alley was a private instead of a public way is here without significance. If it was either public or private he would have a right to use it, and with that right plaintiff in error could not interfere. The evidence does not show that Melville F. Metz has done anything upon the strength of which the owners of the property now held by plaintiff in error have acted in such manner as to confer upon plaintiff in error the right to invoke the doctrine of estoppel against him. On the other hand, after he acquired lot 5, and after the death of the father of plaintiff in error, the mother of plaintiff in error, who seems then to have been exercising control over the property, fenced lot 7, which lies west of the southern portion of the ground now in controversy, and fenced out the alley,—that is, the fence was placed along the west line of the alley, leaving the alley open to use, and plaintiff in error permitted that fence to remain there for many years and until it finally rotted down. Even had the alley been legally vacated, it is apparent from the evidence that Melville F. Metz has used the portion thereof here in controversy, as a way, for a period of more than twenty years, under such circumstances as would establish in him an easement of passage therein by user.

Under the proof in this case the claims of plaintiff in error are wholly inequitable. There is no reasonable theory upon which the relief sought could have been awarded.

The decree of the circuit court will be affirmed.

*Decree affirmed.*