**Elizabeth Brownlie, Robert T. Brownlie and William Y. Brownlie, Appellees, v. Franklin Hardinge and Hardinge Brothers, Inc., Appellants.**

### Gen. No. 25,247.

1. EASEMENTS, § 47*—*right of dominant owner to extend.* An easement of a right of way in a private alley in favor of a lot abutting thereon cannot be extended to an adjoining lot by the unauthorized act of the owner of the dominant estate.

2. EASEMENTS, § 61*—*when bill to restrain obstruction shows unauthorized use.* In a suit to restrain the obstruction of a private alley, allegations of the bill *held* sufficient to show that complainants used the alley in question as a means of access to a lot adjoining the lot which constituted the dominant estate.

3. EASEMENTS, § 57*—*when obstruction not justified by unauthorized extension.* Unauthorized extension of an easement in a private alley by using it in connection with a lot adjoining the dominant lot will not authorize the owner of the servient estate to obstruct the alley.

Interlocutory appeal from the Circuit Court of Cook county; the Hon. MERRITT W. PINCKNEY, Judge, presiding. Heard in the Branch Appellate Court. Affirmed. Opinion filed April 30, 1919.

WILLIAM G. LESEMANN, for appellants.

CLAYTON W. MOGG, for appellees.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

By this appeal the defendants seek to reverse an

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

order of the Circuit Court of Cook county, denying their motion to dissolve an injunction restraining them from obstructing a private alley. The grounds of the motion were that there was no equity shown by the bill and that complainants had an adequate remedy at law.

The allegations of the bill, so far as material, are: That the complainant Elizabeth Brownlie was the owner of Lots 28 and 29, and that the defendant Franklin Hardinge was the owner of Lots 30 to 34, both inclusive, in a certain subdivision in Chicago. Lots 28 and 29 are each 33 feet by 164.80 feet, and face west on an 80-foot street, with a 20-foot alley in the rear. Lots 30 to 34, both inclusive, are each more than 32 feet in width and 145 feet in length. They face north on Berteau avenue and extend south to the north line of Lot 29. In platting the subdivision the south 12 feet of Lots 30 to 34, both inclusive, which lie along the north line of Lot 29, were "reserved as a private alley for the use of owners and occupants of Lots Twenty-nine (29) to Thirty-four (34) inclusive." The bill further alleges that complainants Robert T. Brownlie and William Y. Brownlie occupy Lots 28 and 29 in the operation of their stone-cutting business, and that they have been using the 12-foot strip reserved as means of ingress and egress to and from their business; that the defendants who own and occupy Lots 30 to 34 constructed a building on the rear of their lots extending to the north line of the 12-foot strip, or private alley; that shortly thereafter the defendants placed gates at both ends of the 12-foot alley; that the gates are 10 feet high and fastened on the inside in such a way as to completely bar the alley; that as soon as complainants discovered these gates they demanded their removal, which was refused by the defendants, who claimed that they owned the 12-foot strip free of any claim of the complainants; that shortly thereafter the defendants began

excavating in the private alley for the purpose of
erecting a steam-boiler room, which will extend clear
across the 12-foot strip and approximately 35 feet in
length, and thus completely obstruct the alley.

The defendants first contend that the sole right to
use the 12-foot strip was limited to Lot 29 and did not
include Lot 28, which lies immediately south of and
adjoining Lot 29; that this easement appurtenant to
Lot 29 could not be enlarged or extended to Lot 28,
which was not included in the grant creating the ease-
ment, and that since the bill shows that the complain-
ants had unlawfully extended the easement to Lot 28,
the owner of the servient estate (Lots 30 to 34) had a
right to obstruct the entire easement and close up the
alley.  Both parties agree that the easement extended
to Lot 29 cannot be lawfully extended to Lot 28, and
indeed there can be no room for argument that such
an easement cannot be enlarged or extended by the
unauthorized act of the owner of the dominant estate.
*D. M. Goodwillie Co. v. Commonwealth Elec. Co.,* 241
Ill. 42.

Complainants, however, contend that there are no
allegations in the bill showing that they have used the
12-foot strip as appurtenant to Lot 28.  We cannot
agree with this contention, and while most of the alle-
gations have reference to Lot 29, yet we think there
are sufficient allegations to show that complainants
used the 12-foot strip as a means of ingress and egress
to and from Lot 28.   But having reached this conclu-
sion, we do not agree with defendants' contention that
by such unauthorized extension of the easement by
complainants, the defendants have the right to ob-
struct the alley and destroy the entire easement.

In *Diocese of Trenton v. Toman,* 74 N. J. Eq. 702, it
was held that, where an automobile garage was erected
on two lots, one of which was entitled to an easement
over an alley and the other not, an injunction would
lie on behalf of the adjoining property owner to pre-

vent the use of the alley for the nondominant lot, but that the owners of the garage might use the alley as a means of ingress and egress to and from the dominant lot.

In *McCullough v. Broad Exch. Co.*, 101 N. Y. App. Div. 566, 92 N. Y. Supp. 533, the exchange company owned a lot which had an easement over adjacent property for ingress and egress. It also owned another lot having no such right. It erected on the two lots a 22-story office building, designed to accommodate 7,000 tenants. There were 18 passenger elevators. The heating plant for the entire building rested upon the dominant lot. The easement was used for the benefit of the entire building. The owner of the servient estate brought suit asking that the easement be forfeited and extinguished on the ground that it had been unlawfully extended by the exchange company. A decree was entered forfeiting the easement and perpetually enjoining the exchange company from using it. The Court of Appeals modified the decree by striking out the provisions relating to the forfeiture of the easement and modified the injunction so as to enjoin the exchange company from using the easement until such time as the building might be altered so that the easement could be used for that portion of the building resting on the dominant estate. The court there said (536): "We find no definite evidence indicating that it would be feasible or practicable to alter the building in such manner that the tenants of that part of it which is constructed on the premises formerly known as 52 Exchange Place might be separated from the others, and, in the exercise of the lawful right of the appellant owner, be permitted to use the alley and areaway for ingress and egress, or that the power plant and other use of which complaint is made might be likewise separated. However, it is not impossible to make this separation, and, if the owner wishes to do so, we see no reason why it

should not be permitted.  Moreover, the office building may be destroyed or otherwise demolished or removed at any time, and in that event it would seem that the owner should be permitted to enjoy the easement in connection with that part of his premises to which the easement was appurtenant.  *  *  *  An unlawful or excessive use of an easement may be enjoined, but it is difficult to see upon what principle of law the court is authorized to declare it forever and altogether forfeited and extinguished because of an unauthorized or excessive use.  It is a valuable property right, and we know of no authority for transferring its title, against the will of the owner, except by due process of law, involving just compensation.''

Under these authorities it is clear that the defendants have no right to barricade the alley and construct the heating plant which would effectually destroy the easement, and they were therefore properly enjoined, for it is manifest that an action at law would not afford complainants an adequate remedy.  *Smith v. Young,* 160 Ill. 163.

The order of the Circuit Court of Cook county is affirmed.

*Affirmed.*