LEON BROWNBACK and ISABELLA BROWNBACK, his wife, complainants,

*v.*

GEORGE A. SPANGLER and ELLA SPANGLER, his wife, defendants.

[Decided December 15th, 1927.]

1. A dedicated street across the land of another is an easement.

2. An easement is an encumbrance.

3. In the absence of fraud the existence of an encumbrance on the land conveyed affords no defense to the foreclosure of a purchase-money mortgage if the deed of conveyance to the mortgagor contains no covenant against encumbrances.

4. The acceptance of a deed without a covenant against encumbrances raises the presumption that the grantee agreed to take title at his own risk as to encumbrances.

5. In the absence of fraud or a reformation of the deed the circumstance that the agreement of sale called for a deed with a covenant against encumbrances is immaterial in a suit to foreclose a purchase-money mortgage, if the deed of conveyance does not contain that covenant.

6. The acceptance of a deed for land is deemed *prima facie* full execution of an executory agreement to convey, and the rights of the parties are to be determined by the deed, and not by the agreement.

7. In a suit to forelose a purchase-money mortgage, just relief may be afforded defendant-mortgagor for injuries he has suffered through fraudulent representations or fraudulent conduct upon the part of his grantor, irrespective of the covenants contained in the deed of conveyance.

8. Courts of equity relax the established rule of law to the effect that moral delinquency is an essential element of deceit or fraud.

9. An agreement of a grantor to finish an unfinished building upon the premises conveyed is so far collateral to the conveyance as not to be merged in the deed, and is available as a defense in a foreclosure suit of a purchase-money mortgage.

On final hearing on bill to foreclose purchase-money mortgage.

*Mr. Alexander L. Rogers,* for the complainants.

*Mr. Daniel W. Beckley,* with whom appeared *Mr. Elmer B. Woods,* for the defendants.

LEAMING, V. C.

The controversy herein may be resolved by a consideration of the restricted defenses open to a defendant-mortgagor in a suit brought against him to foreclose a mortgage executed to secure a part of the purchase price of the mortgaged premises.

The deed of conveyance from complainants to defendant-mortgagors is a general warranty deed, but contains no covenant against encumbrances. The land conveyed is described by metes and bounds and as containing nine acres. The tract contains nine acres, but it has since been ascertained that a former owner filed in the county clerk's office a map of this and other adjacent land by which streets were dedicated which extend across this nine-acre tract. These streets are unimproved and invisible on the land. Defendant seeks a deduction from his mortgage, given to secure a portion of the purchase-money, by reason of the existence of these easements.

The dedication of these streets may be said to have created easements of way over the land, and easements are held to be encumbrances within the meaning of a covenant against encumbrances. *Kuhnen* v. *Parker, 56 N. J. Eq. 286* (at *p. 287*). But, as already stated, the deed to defendant contains no covenant against encumbrances; without that covenant the existence of encumbrances affords no defense to the foreclosure of the purchase-money mortgage, in the absence of fraud. The acceptance of a deed without a covenant against encumbrances raises the presumption that the grantee agreed to take title at his own risk as to encumbrances. *Long* v. *Hartwell, 34 N. J. Law 116, 123; Kuhnen* v. *Parker, supra; Gihon* v. *Morris, 90 N. J. Eq. 230, 232; Hawthorne* v. *Odenson, 94 N. J. Eq. 588; Security Trust Co.* v. *Reed, 101 N. J. Eq. 53.*

The evidence disclosed that in the executory agreement of sale it was provided that there should be given to defendant a deed of conveyance containing "a general warranty and the usual full covenants for the conveying and assuring to them a fee-simple of the said premises free from all encumbrances." This is urged as ground for relief.

In the absence of fraud or reformation of the deed for mistake that circumstance must be deemed immaterial. The

recognized rule is that the acceptance of a deed for land is to be deemed *prima facie* full execution of an executory agreement to convey, and thenceforth the agreement becomes void, and the rights of the parties are to be determined by the deed, and not by the agreement. The only exceptions to this rule appear to be in cases of covenants which are collateral to the deed and also cases in which the deed would be considered only in part execution of the executory contract. In *Long* v. *Hartwell, 34 N. J. Law 116* (at *p. 122*), it is stated as follows: "Where in a deed there is an absence of covenants against encumbrances, the vendee cannot resort to the contract. Until consummated, an executory contract is subject to modification. In all cases the deed, when accepted, is presumed to express the ultimate intent of the parties with regard to so much of the contract as it purports to execute. The acceptance of a deed conveying the whole premises without the covenant as to quantity, or against encumbrances, raises the presumption that the grantee agreed to take title at his own risk as to quantity or encumbrances, or he would have rejected it. The rule to be deduced from the authorities is, that the executed contract supersedes all prior negotiations and agreements, where the last contract covers the whole subject embraced in the prior one." To the same effect are the cases of *Davis* v. *Clark, 47 N. J. Law 338; Waldell* v. *Beach, 9 N. J. Eq. 793; Blum* v. *Parson Manufacturing Co., 80 N. J. Law 390* (at *p. 397*); *Hawthorn* v. *Odenson, 94 N. J. Eq. 588, 593, 594.*

It follows that since defendant's deed contains no covenant against encumbrances and defendant is in possession of the mortgaged premises and no suit has been brought to dispossess him, this court is powerless to extend to him aid through any covenants in his deed or in his prior agreement. *Security Trust Co.* v. *Reed, supra.*

To the answer of defendant there is added a counter-claim to the effect that at the time of making the conveyance complainants had full knowledge of the existing easements, "and falsely and fraudulently pretended to convey and misrepresented a conveyance of nine acres of land as a unit," and that defendant relied upon such representations. "That complain-

ants falsely and fraudulently represented said tract as containing nine acres, when, in fact, they actually conveyed but six and twenty-seven one-hundredths acres, exclusive of streets."

There can exist no doubt of the right and duty of this court to afford relief to a defendant-mortgagor in a foreclosure suit for injuries he has suffered through fraudulent representations or fraudulent conduct upon the part of his grantor in the transaction, irrespective of the covenants contained in the deed of conveyance. *O'Brien* v. *Hulfish, 22 N. J. Eq. 471.* But the evidence does not disclose that complainants made any false representations of any kind, or any representations at all touching the streets, and it is reasonably clear from the evidence that complainants did not know of the existence of these streets. In the deed to complainants the land is described in the same manner as in the deed to defendant. The suggestion that complainants knew of the existence of the streets arises from the circumstance that in the agreement of sale which was made to them, which agreement was made over ten years prior to the sale by complainants to defendant, the land is described by block numbers, although no streets are mentioned; from that circumstance it is urged that knowledge of the existence of the streets should be imputed to complainants, and based on that imputed knowledge there should be also imputed to complainants a fraudulent concealment of the facts so known. While courts of equity relax the established rule of law to the effect that moral delinquency is an essential element of deceit or fraud, it is clear that the inference of fraud now urged, as based upon the remote and doubtful inference of fact suggested, cannot be here indulged. I am convinced that at no time have complainants known or had reason to believe that streets had been dedicated or existed across the land in question, and that complainants' conduct has been free from fraud either actual or constructive.

A collateral agreement existed between the parties touching the repairs of a building. It is conceded that this agreement was purely collateral in its nature and that defendant is entitled to an allowance by reason of that agreement in the amount established and determined at the hearing.