The bill is to foreclose a purchase-money mortgage. The mortgagor-purchaser seeks an abatement of the mortgage debt, the purchase price, because of an alleged breach of a covenant against encumbrances in the deed from the mortgagee set up in the answer thus:
"4. The covenants and representations set forth in the foregoing paragraph were false, fraudulent and untrue in that the title to said premises was defective and said premises were encumbered and charged with the right of the owners of adjoining premises and others in the stream, brook, ditch, natural waterway and or drain running across part of the premises described in the bill of complaint, and which premises by reason of such right of such adjoining owners and others, was unsalable and or unmarketable and were of no value whatsoever to the defendant.
"6. That said stream, brook, ditch, natural waterway and or drain runs across a large portion of the premises so sold to this defendant by complainant's assignor and by reason of the part that this defendant is unable to close and use the land thereunder the same is an encumbrance against said lands and the value of the premises is diminished to a great extent and this defendant was compelled to sell said lands for an amount far less than the amount this defendant could have received if said representations and covenants referred to in paragraph 3 hereof were true."
Motion is made to strike out the answer as frivolous. The supposed encumbrance is a natural water course. The charge that it is an encumbrance upon the land is novel. It is assumed that "the right of owners of adjoining premises in the stream," set up in the answer as the encumbrance is the proprietory right of upper and lower or adjoining owners to *Page 13 
the use of the stream, for no contractual right in them is alleged. If the owners have other than their natural right it should have been pleaded. A natural water course is part of the land over which it flows and the right to it arises out of and is incident to the ownership of the land. It is as much a part of the land as the stones scattered over it. Ang. Waterc. § 5.
Each owner has the same right to the use of the stream and to have it flow in its natural course. None has the right to obstruct, divert or corrupt it. Holsman v. Boiling SpringBleaching Co., 14 N.J. Eq. 335. Higgins v. Flemington WaterCo., 36 N.J. Eq. 538. "The right of enjoying this flow without disturbance or interruption by any other proprietor is one juranaturae and is an incident of property in the land, not an appurtenant to it, like the right he has to enjoy the soil itself, in its natural state, unaffected by the tortious acts of a neighboring landowner. It is an inseparable incident to the ownership of land, made by an inflexible rule of law an absolute and fixed right and can only be lost by grant or twenty years' adverse possession." Washb. Easem. Serv. (4th ed.) 316,317. The right of adjoining owners in the stream is not an easement in the mortgaged premises, for an easement lies in grant and must be created by a written grant or its equivalent.Stevens v. Headley, 69 N.J. Eq. 533. Two cases, Kuhnen v.Parker, 56 N.J. Eq. 286, and Brownback v. Spangler, 101 N.J. Eq. 388,
relied upon by the answering defendant to sustain its claim that the right of owners of adjoining premises in the stream is an encumbrance, are not in point. In the first, the encumbrance set up in abatement of the debt of a purchase-money mortgage was an easement of a pipe line right of way created by a recorded instrument, and in the second, an easement in streets created by a plotting of the land was involved.
A second breach of the covenant against encumbrance, for unpaid taxes, was pleaded but was not pressed on the argument and is considered as abandoned.
The motion to strike is allowed. *Page 14