## Lois J. Emmitt, Appellee, v. Frank A. Carlson, Appellant.

## Gen. No. 6,687.

1. EVIDENCE, § 345*—*when parol evidence of collateral agreement is admissible.* The fact that the parties to a sale of land have entered into a valid written contract for the sale of the land does not prevent the vendor, in action by her against the purchaser to recover commissions on such sale which had been recovered from her by a third person, from introducing parol evidence to show a collateral agreement between her and the purchaser by which the latter agreed that if she would allow him the amount of the commissions she had agreed to pay a third person, he would protect her in case she should be required to pay commissions to the third person whose agent, it appeared, had approached the purchaser in regard to the farm before the sale was made.

2. INDEMNITY, § 24*—*when evidence in action on contract sufficient to sustain verdict for plaintiff.* In an action by the vendor of land against the purchaser to recover commissions on the sale which had been recovered of the vendor by a third person, the vendor's action being based on an alleged agreement on the part of the purchaser that if she would allow him a credit of the amount of commissions which she had agreed to pay the third person, he would protect her in case she was held liable to such third person, where the purchaser contends that the effect of such agreement was merely to bind him to testify for her in any suit which such third person might bring against her, but the vendor introduces evidence to show that the purchaser stated that he would see that she did not lose anything by allowing him the commission and that if she had to pay it, he would pay it to her, a verdict for plaintiff will not be disturbed.

3. NEW TRIAL, § 86*—*when point for new trial waived.* One who moves for a new trial and files points in writing waives a point not contained in such written points.

Appeal from the City Court of Sterling; the Hon. CARL E. SHELDON, Judge, presiding. Heard in this court at the April term, 1919. Affirmed. Opinion filed July 18, 1919. Rehearing denied and opinion modified October 14, 1919.

ROYCE A. KIDDER and JACOB CANTLIN, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Henry C. Ward, for appellee.

Mr. Justice Dibell delivered the opinion of the court.

Lois J. Emmitt sued Frank A. Carlson in assumpsit in the City Court of Sterling to recover certain items set out in a bill of particulars. She had a verdict and a judgment for the full amount of her claim with interest, and Carlson appeals.

Appellee owned a farm and placed it for sale with one Rumley for a commission of $2 per acre. Carlson came to her and offered to buy the farm and they agreed on a price. He learned from her that she had agreed to pay Rumley a commission and insisted that, as Rumley had not earned any commission and appellant had done the selling to himself, he should be allowed a credit for the commission. It was immaterial to Mrs. Emmitt whether she paid the commissions to Rumley or allowed them to Carlson, but an agent of Rumley's had spoken to Carlson about the farm and she feared that she would be compelled to pay commissions to Rumley. Carlson promised her that he would protect her in case she was held liable to Rumley and she thereupon gave Carlson the credit and sold him the farm. Afterwards Rumley demanded his commissions and, they not being paid, he sued Mrs. Emmitt therefor. Carlson knew of this for he was a witness at that trial. Rumley recovered and Mrs. Emmitt paid the judgment, the costs, attorney's fees and some traveling expenses. She brought this suit against Carlson for those items and recovered in full.

Appellant contends that, as the contract for the sale of the land by appellee to himself was in writing and this matter was not stated therein, the action cannot be maintained, because a complete, valid, written contract merges all prior and contemporaneous negotiations and agreements within its purview. Such is

the general rule, but there are exceptions thereto. One of them is thus stated in 2 Elliott on Contracts, sec. 1634: "There is also a class of cases in which it is held that parol evidence of a collateral contemporaneous agreement, which assumes the contract as indicated by the writing, and undertakes to deal with some contingency or new relation of the parties in the future that may arise under the written agreement, is admissible." This exception is supported by authorities there cited, one of which is *Batterman v. Pierce,* 3 Hill (N. Y.) 171. This exception applies to the present case. The written contract stated all that was to be paid for the land and was a complete expression of their contract on that subject, but there was a possible future contingency. Rumley might contend that though he did not negotiate the trade, yet he had brought the farm to the attention of appellant through an agent whom he had sent to him, and that he had thereby become entitled to the commission, and he might sue for it and might recover. On the other hand, he might not claim it, or he might fail if he did. This was a contingency in the future which might or might not occur. Parol evidence of that collateral agreement was therefore admissible.

Appellant contends that, if such is the law, the language used by appellant in making that arrangement did not make him liable to pay any portion of the sum demanded, but only bound him to testify for her in any suit Rumley might bring against her. This contention is based upon consideration of only one piece of evidence against him. There was evidence that he said to appellee that he would stand back of her, but also that he would see that she did not lose anything by allowing him the commission, and also that if appellee had to pay a commission, he would pay it to her. If the jury believed the evidence introduced by appellee, she was entitled to recover from appellant. Appellant gave a different version of the transaction

and it was the function of the jury to determine which version to believe, and the jury believed the evidence introduced by appellee, and the evidence would not warrant us in disturbing that conclusion or in holding that another jury would be likely to decide the question differently.

Appellant contends that certain items of appellee's claim were in any event not sufficiently established by a preponderance of the evidence, and that the verdict and the judgment are therefore excessive. In *Yarber v. Chicago & A. Ry. Co.*, 235 Ill. 589, upon a full discussion of prior decisions, it was held that "if a motion is made for a new trial and the grounds thereof are stated in writing, the party is limited to those reasons and all other errors are deemed to have been waived." We applied this rule in *People v. Strauch,* 153 Ill. App. 544, on p. 554. Appellant moved for a new trial and filed points in writing. He did not therein contend that the verdict was excessive. He thereby waived that point, and cannot avail of it here by assignments of error which do not raise it.

Complaint is made of the giving of an instruction. That point was not made in the written motion for a new trial. The instruction is not set out in the abstract. The point is therefore waived.

We find no reversible error in the record, and the judgment is therefore affirmed.

*Affirmed.*