MERCHANTS AND TRADERS DEVELOPING COMPANY, IN-CORPORATED, RESPONDENT, v. MERCER REALTY COMPANY, A CORPORATION, APPELLANT.

Argued November 26, 1923—Decided March 3, 1924.

1. Where a deed is made in pursuance of an executory agreement to sell lands, in which there are independent and collateral provisions, the rule of merger does not apply. *Held*, a right of action will lie based upon the provisions contained in the agreement.

2. In this case a right of action will lie to recover damages for a breach of the provisions contained in the agreement; but as no money loss was shown at the trial, a contingent liability only— *Held*, nominal damages only can be recovered.

3. When the only question with respect to which the decision is found to be wrong is the assessment of damages; then, under the Practice act (*1st Supp. Comp. Stat. of N. J.*, p. 1224, *rules* 131, 132; *Pamph. L.* 1912, *p.* 397, §§ 72, 73), the new trial will be limited to the question of damages only.

---

On appeal from the Supreme Court.

For the appellant, *William Newcorn.*

For the respondent, *Irving Kunzman.*

The opinion of the court was delivered by

BLACK, J.  The suit in this case was brought to recover damages for a breach of contract. The trial resulted in the direction of a verdict by the trial court in favor of the plaintiff for $1,495.46, with interest from May 5th, 1922.

This ruling of the trial court was challenged at the time, which is one of the grounds of appeal.

A summarized statement of the facts from which the action arose is as follows:

On December 9th, 1919, the plaintiff entered into a written agreement with the defendant through its agent to purchase certain lands therein described, part of which were located in the city of Plainfield, fronting on Plainfield avenue. The agreement for sale contained this provision or covenant:

"The party of the first part [*i. e.*, the defendant in this suit] represents and agrees that all the improvements now on said premises have been paid for in full and that there are no assessments pending at the present time against said premises."

A warranty deed pursuant to said agreement was given to the plaintiff on the 1st day of April, 1920. Subsequently, on April 21st, 1920, the plaintiff conveyed the property to J. J. Schwartz, Inc., by a deed containing a covenant of general warranty like the covenant contained in the deed from the defendant to the plaintiff.

At the time of making the agreement sued on, viz., December 9th, 1919, Plainfield avenue, which was one of the streets upon which the property fronted, had been permanently paved by the city of Plainfield, but the improvement had not been paid for. Subsequently, under an ordinance passed and approved May 2d, 1919, an assessment was made upon the property for this improvement, which was filed October 17th, 1921, and the report was confirmed by the common council March 6th, 1922, the amount of which was $1,495.46, the amount sued for and for which the verdict was directed. At this time J. J. Schwartz, Inc., was the record title holder of the property.

The first contention of the defendant is, that all the provisions of the agreement with relation to the condition of the property were merged in the deed, and that, therefore, no suit would lie upon the contract itself. The plaintiff, on the other hand, contends that this provision in the contract of sale was an independent and collateral one, not embodied

in or merged in the deed. An inspection of the deed shows that it deals with and asserts that the property is free and clear and unencumbered from taxes, assessments and encumbrances, then existing on the property. But there is no claim now that there was then an assessment pending at the time of the making of the deed, the statement being that the improvements had been paid for. The agreement that all improvements on the premises had been paid for in full and that there were no assessments pending against the same, was independent of, and collateral to, the deed. In this situation there was no merger, because covenants in an executory contract independent and collateral to the deed given in pursuance thereof are exceptions to the rule of merger. *Long* v. *Hartwell,* 34 *N. J. L.* 116, 122; 18 *C. J.* 271, § 231; 27 *Rul. Cas. L.* 532, §§ 264, 265; 13 *Cyc.* 616. This case is distinguished from such cases as *Davis* v. *Clark,* 47 *N. J. L.* 338; *Blum* v. *Parsons Mfg. Co.,* 80 *Id.* 390, 397; *Goldsmith* v. *Meyer,* 94 *Id.* 40, and brings the case within the scope of the rule applied in cases like *Crane* v. *Reutschler,* 88 *Id.* 560; *affirmed,* 89 *Id.* 710; *Durkin* v. *Cobleigh,* 156 *Mass.* 108. Hence, we conclude that the action will lie and it was not error for the trial court to refuse the motion to nonsuit or direct a verdict in favor of the defendant.

The defendant also challenges the ruling of the trial court in assessing the damages at $1,495.46, on the ground that the plaintiff had not sustained any money loss at the time the case was tried. There existed against it only a contingent liability; that is, a liability to answer over to J. J. Schwartz, Inc., the record title holder of the property, in case J. J. Schwartz, Inc., was compelled to pay the assessment, which it might or might not be compelled to do, depending upon whether the assessment was valid or not. Apparently, J. J. Schwartz, Inc., has made no claim against the plaintiff, and, until it does, the amount of the plaintiff's liability to it would seem to be uncertain. The direction of a verdict was proper, but how can it be said that the plaintiff at the time the suit was brought had sustained anything more than nominal damages?

The rule to be applied in this situation is that stated by Chief Justice Ewing in the case of *Stewart* v. *Drake,* 9 *N. J. L.* 139, when he says:

"If there be a subsisting mortgage at the time of the conveyance the grantee, * * * under a covenant against encumbrances, may recover damages, because there is a breach; but they shall be nominal only, where he remains undisturbed and has paid nothing to the mortgagee, for the encumbrance may be removed by the grantor, or he may be compelled by the mortgagee to discharge it, or the grantee may otherwise remain forever unaffected by it. If the grantee has extinguished the encumbrance he shall then recover in damages the amount paid to extinguish it, if fair and reasonable, with interest, and in some cases, where an action on account of the encumbrance has been brought against it, the costs also of such action."

This court in the case of *Gerbert* v. *Trustees,* 59 *N. J. L.* 160, 180, declares *Stewart* v. *Drake,* 9 *Id.* 139, to have established the settled law of the state in this regard and adds: "This rule has been so long recognized in our jurisprudence that it cannot now be subverted."

We think, therefore, that the verdict should have been directed for nominal damages only, and to that extent, the judgment should be reversed and a *venire de novo* awarded as to damages only. The only question with respect to which the decision is found to be wrong is the measure of damages, the new trial being limited thereto. The case falls within the provisions of the Practice act (1*st Supp. Comp. Stat. of N. J., p.* 1224, *rules* 131, 132; *Pamph. L.* 1912, *p.* 397, §§ 72, 73), as applied in *Young* v. *Society, &c.,* 91 *N. J. L.* 310, and *Queen* v. *Jennings,* 93 *Id.* 353, 359.

The judgment is reversed and a *venire de novo* awarded, but limited to the question of damages only.

CAMPBELL, J. (concurring in part). I agree, with a majority of the court, in the conclusion that the judgment below must be reversed, for the reason that, if the plaintiff below had a cause of action for breach of the covenant in the ex-

ecutory contract of sale, there was no evidence upon which more than a nominal verdict could have been rendered and judgment had.

I disagree with the finding that the covenant sued upon is collateral and not merged in the covenant against encumbrances contained in the deed from the defendant to the plaintiff made and delivered in execution of the contract for sale.

It is a covenant relating to present, existing and future expectant liens and encumbrances and as such looked to, and was connected with the title to the lands, and such covenants are not collateral.

Covenants as to encumbrances are covenants of title. 15 *Corp. Jur.* 1230, §§ 39, 40; 11 *Cyc.* 1063, 1065; 8 *Am. & Eng. Encycl. L.* 56.

The deed from defendant to plaintiff, executed and delivered in performance of the contract for sale, contained the usual general covenant against encumbrances, but did not go to the extent of the covenant in the contract of sale. namely: "That all the improvements now on the said premises have been paid for in full, and that there are no assessments pending at the present time against said premises."

The general rule is "that the acceptance of a deed for land is to be deemed *prima facie* full execution of an executory agreement to convey, and thenceforth the agreement becomes void and the rights of the parties are to be determined by the deed, not by the agreement. * * * Until consummated, an executory contract is subject to modification. In all cases the deed, when accepted, is presumed to express the ultimate intent of the parties with regard to so much of the contract as it purports to execute. The acceptance of a deed conveying the whole premises without the covenant as to quality, or against encumbrances, raises the presumption that the grantee agreed to take title at his own risk as to quantity and encumbrances, or he would have rejected it. These contracts in this respect are a unity and not distinct or separable in their provisions, and, if executed at all, it is necessarily an entire execution." *Long* v. *Hartwell,* 34 *N. J. L.* 116.

My conclusion is therefore that the covenant sued upon is not a collatural covenant; that plaintiff has no right of action against defendant for breach thereof, and that the judgment below should be reversed *in toto* and a *venire de novo* should not be awarded.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Trenchard, Parker, Minturn, Kalisch, Black, Katzenbach, Campbell, Heppenheimer, Gardner, Van Buskirk, Clark, JJ. 13.