(No. 19993.

CHARLES E. YUNKES *et al.* Appellants, *vs.* FRED T. WEBB *et al.* Appellees.

*Opinion filed February 21, 1930—Rehearing denied April 4, 1930.*

ODE L. RANKIN, for appellants.

JOSEPH H. WRIGHT, for appellees.

Mr. Justice Samuell delivered the opinion of the court:

This is an appeal from a decree of the superior court of Cook county dismissing for want of equity the bill of complaint filed by appellants to enjoin the obstruction of an alley and to quiet title to an easement over and along the same.

The alley in question runs from north to south through the center of block 175 in the village of Maywood. The plat of Maywood subdivision was filed on March 11, 1870, and shows a fourteen-foot alleyway running through block 175 from Sixteenth street on the north to Seventeenth street on the south. The plat of the subdivision contained the statement that all alleys therein were private alleys. Appellees are the owners of lots 11 and 12 of block 175, said lots being on the corner of South Eighth avenue and Seventeenth street. Appellants are the owners of lots 13 and 14 in block 175, which lie immediately to the north of lots 11 and 12. A two-story frame house constructed in 1907 is located upon lots 11 and 12. Prior to 1921 lots 13 and 14 were vacant, and during the spring and summer of that year a five-room concrete house was built thereon. Appellants acquired title to lots 13 and 14 on December 1, 1922, through *mesne* conveyances from the owners of the subdivision, and the deed by which they acquired title described the real estate with reference to the plat. Appellees acquired title to lots 11 and 12 in 1921 by deed referring to the plat and through *mesne* conveyances from the owners of the subdivision. At the time of the purchase by appellees of this property there was a chicken-coop on the west end of the lots which extended about one foot into the alley, and the alley appears to have been fenced in with chicken-wire. At that time there was a fence running through the alley from north to south along a line nine feet two and one-half inches west of the east line of the alley, as shown by the plat, which fence apparently was

constructed more than twenty years ago and is still in existence. Appellants make no claim to the part of the alley lying to the west of this fence.

During the construction of the house on lots 13 and 14 in the spring and summer of 1921 the builders frequently used the alley for the purpose of hauling building materials into the premises and for this purpose used a horse and wagon. At that time the portion of the alley in question was unobstructed except for the chicken-coop, and the wagon hauling the building material had no difficulty in traversing the alley from Seventeenth street to lots 13 and 14. Sometime before appellants moved into the house on lots 13 and 14 appellees appear to have removed the chicken-coop and placed in the same location a portable garage. Appellant Charles E. Yunkes testified that he spoke to appellee Fred T. Webb about the portable garage extending into the alley, and that Webb agreed that it probably was in a little and that when he put up his new garage he would keep it away from the alley line. This testimony was undisputed. Webb removed the portable garage in October, 1922, and in the spring of 1923 built a new garage, which does not extend into the alley. In 1923, 1924 and 1925 appellants used the alley on numerous occasions for the purpose of having dirt hauled in to raise the level of their lots and on some occasions drove their automobile through the alley to their own property. No objection appears to have been made by appellees to such use until the fall of 1925, when Webb notified appellants that they must discontinue the use of the alley. Appellants disregarded this notice and continued to use the alley, and used it as late as the latter part of May, 1927. In the fall of 1927 Webb placed bushes and shrubs in the alley in such a manner that it was completely obstructed. Yunkes complained to Webb and advised him that if the shrubs were not removed he would have to institute suit. The shrubs have not been removed. In the spring and summer of 1924

the village of Maywood paved Seventeenth street, and at that time left cuts in the curbing at the mouth of the alley. The alley appears to have been used occasionally by other parties, and on at least one occasion was used by the village garbage wagon.

Much evidence was introduced by appellees regarding the physical condition of the alley at the time appellees moved into the house on lots 11 and 12 and prior thereto. Most of this testimony, however, dealt with the fence which runs through the alley and with that portion of the alley lying to the west of said fence. It is undisputed that that portion of the alley which the bill seeks to have cleared of obstructions was not obstructed from the spring of 1923 until the fall of 1927.

The cause was heard before a master in chancery of the superior court, who found the facts substantially as above stated and recommended a decree in accordance with the prayer of the bill. The chancellor sustained exceptions to the master's report on the ground that the complainants had been guilty of *laches* and that the easement had been abandoned, and dismissed the bill for want of equity.

It is contended by appellants that there is no evidence in the record of any conduct on the part of themselves or their predecessors in title, or of any other circumstances, which would tend to show an intention to abandon the easement. The mere non-user of an easement acquired by grant does not constitute an abandonment. (*Hofherr* v. *Mede*, 226 Ill. 320.) Such easement can only be extinguished by hostile, adverse possession for the full statutory period. (*Perry* v. *Wiley*, 285 Ill. 25; *Kuecken* v. *Voltz*, 110 id. 264.) Where a deed refers to a plat or subdivision, the particulars shown upon such plat or subdivision are as much a part of the deed as though they were recited therein. (*Smith* v. *Young*, 160 Ill. 163; *Henderson* v. *Hatterman*, 146 id. 555.) The easement in question in the instant case was therefore an easement by grant and

could not be lost to complainants by mere non-user. To constitute an abandonment of such an easement there must be, in addition to the non-user, circumstances showing that it was the intention of the dominant owner to abandon the use of the easement. In this case the property upon which the dwelling house of complainants is situated was vacant until 1921. During the construction of the house the builders frequently used the alley for the purpose of hauling in building material to the lots. After complainants acquired title to the property they continued to use the alley until the late spring of 1927. Their conduct was wholly inconsistent with an intention to abandon the use of the easement. Prior to the time the house was built there was no occasion for the owners of lots 13 and 14 to use the alley as the property was vacant, and the mere fact that it was not used prior to the construction of the dwelling house of appellants is not sufficient to show an abandonment of the use of the alley.

It is urged on behalf of appellees that they have acquired title to that portion of the alley abutting lots 11 and 12 by adverse possession. No proof was introduced to show the condition of the alley prior to 1907, at which time the dwelling house of appellees was constructed. If appellees and their predecessors in title were holding adversely, such possession was interrupted by the use of the alley by appellants during the years 1923 to 1927. It is the well settled law of this State that where the continuity of adverse possession is broken before the statutory period has elapsed the benefit of the previous adverse possession is lost and the adverse claimant must commence his possession *de novo*. (*Chicago and Alton Railroad Co.* v. *Keegan,* 185 Ill. 70.) The adverse claimant must prove, by evidence clear, positive and unequivocal, facts which show that he has acquired a good title by limitation. (*Wilkinson* v. *Watts,* 309 Ill. 607.) No presumption is indulged in his favor. (*Theiner* v. *Speckin,* 290 Ill. 181.) It is

obvious that in this case the evidence of appellees does not meet these requirements. The earliest date of any adverse possession, as shown by the evidence, was in 1907. The testimony regarding the physical condition of that portion of the alley here involved is extremely vague and uncertain. It is also clear from the evidence that appellees removed all obstructions from the alley in the fall of 1922 or the spring of 1923 and thereafter allowed appellants to use the alley without objection until the fall of 1925. If they were holding adversely prior to 1923 their possession was interrupted by the use of the easement by appellants from 1923 until 1927, and appellees have therefore acquired no title to the strip of land in question by adverse possession.

It is also urged by appellants that it was error for the chancellor to find that they had been guilty of *laches*. Mere delay in asserting a right does not bar the enforcement of the right in equity unless the statutory period allowed for asserting the right has elapsed. There must be, in addition to the delay, something in the conduct of the complainant which would make it inequitable to permit him to assert his title. (*Thomas* v. *Chapin*, 274 Ill. 95.) There is nothing in the evidence in this case to show that appellees have been prejudiced in any manner by any delay in the instituting of this suit. Moreover, the obstruction complained of did not occur until the fall of 1927, and the bill of complaint in this case was filed on April 20, 1928,— a delay of only a few months. The holding of the chancellor that appellants were guilty of *laches* in instituting their suit was therefore error.

For the reasons stated the decree of the superior court is reversed and the cause remanded, with directions to enter a decree in accordance with the prayer of the bill.

*Reversed and remanded, with directions.*