LOUIS LATT AND ROSE LATT, TO THE USE OF EMANUAL MALMUT, PLAINTIFFS, v. ERNEST SCHWEHM, DEFENDANT.

Decided September 21, 1932.

For the plaintiffs, *Bourgeois & Coulomb.*

For the defendant, *Albert C. Abbott.*

Sooy, C. C. J. This case comes to me for trial without a jury.

From the evidence and exhibits marked in evidence, it appears that on November 6th, 1926, plaintiffs agreed, in writing, under seal, to convey to defendant certain real estate in Atlantic City for a consideration of $60,000 to be paid as follows:

$2,000 upon signing of agreement.

$30,000 by the assumption of an existing first mortgage.

$15,000 by the assumption of an existing second mortgage.

$3,300 in mortgages to be assigned.

$9,700 cash at settlement.

Settlement was in fact made as of February 7th, 1927.

Subsequent to the settlement foreclosure proceedings, under the first mortgage, were prosecuted to sale and, at the sale, nothing was realized on account of the second mortgage of $15,000 (then reduced to $13,000), the payment of which second mortgage Schwehm had assumed under the contract of sale. Schwehm has not paid the balance or deficiency due on this mortgage and the plaintiffs are liable to Malmut for the amount thereof.

Suit is brought against the defendant on the theory that the agreement of sale, wherein Schwehm agreed to "assume

the payment" of the $15,000 second mortgage was a collateral undertaking in no way affected by the delivery of the deed of conveyance.

Now, as to the deed which passed from plaintiffs to defendant: This deed does not contain a covenant on the part of defendant under which he assumed the payment of the mortgage in controversy, but, on the other hand, in the *habendum,* appears the following "subject, however, to the existence and operation of two certain mortgages in the amounts of $30,000 and $15,000, respectively."

It thus appears that the deed did not expressly follow the agreement of sale and contain therein the covenant of Mr. Schwehm to assume payment of the $15,000 mortgage.

It is contended by plaintiffs that "the covenant to pay the mortgage in the agreement of sale is a collateral covenant, having nothing whatever to do with the title, but relating solely to the payment of the purchase price, and as such was in no manner affected by the delivery of the deed; and that no covenants of an agreement of sale are merged, voided, or abrogated by the deed covering the property except those covenants which are connected with the 'title,' 'possession,' 'quantity,' or 'emblements' of the land; all other covenants are collateral." Defendant cites as authorities the following cases: *Bolles* v. *Beach,* 22 *N. J. L.* 680; *Warner* v. *Thirkettle,* 99 *N. J. Eq.* 806; 134 *Atl. Rep.* 299; *Merchants, &c., Co.* v. *Mercer Realty Co.,* 99 *N. J. L.* 442; 123 *Atl. Rep.* 875; *Ireland* v. *Penn Motors Corp.,* 100 *N. J. Eq.* 166; 134 *Atl. Rep.* 835; *Long* v. *Hartwell,* 34 *N. J. L.* 116; *Janitscheck* v. *Melbro Realty Co.,* 107 *N. J. L.* 450; 154 *Atl. Rep.* 749.

With this contention I agree but the true rule of law to be applied to the facts in this case is that stated in *Smith* v. *Colonial Woodworking Co.,* 110 *N. J. Eq.* 418 (at *p.* 422); 160 *Atl. Rep.* 351 (at *p.* 353).

"The recognized rule is that the acceptance of a deed for land is to be deemed *prima facie* full execution of an executory agreement to convey, and thenceforth the agreement becomes void, and the rights of the parties are to be determined

by the deed, and not the agreement. The only exceptions to this rule appear to be in cases of covenants which are collateral to the deed and also cases in which the deed would be considered only in part execution of the executory contract." In *Long* v. *Hartwell*, 34 *N. J. L.* 116 (at *p.* 122), it is stated as follows: "Where in a deed there is an absence of covenants against encumbrances, the vendee cannot resort to the contract. Until consummated, an executory contract is subject to modification. In all cases the deed, when accepted, is presumed to express the ultimate intent of the parties with regard to so much of the contract as it purports to execute—the rule to be deduced from all the authorities is, that the executed contract supersedes all prior negotiations and agreements, where the last contract covers the whole subject embraced in the prior one."

Applying the rule of law thus laid down to the instant case:

The agreement to assume payment of the $15,000 mortgage was a collateral covenant but the agreement of sale was an executory agreement and subject to change until consummated. Defendant says that such a change or modification was made, by oral agreement, between the parties, before the delivery of the deed, and that the deed expresses the ultimate intent of the parties with regard to the whole and every part of the executory contract of sale.

Defendant, by proper pleadings, alleges that when he signed the contract of sale he did "assume" payment of the $15,000 mortgage and that he did not then know the legal import of the phraseology of that contract and that, between the signing of the contract of sale and the delivery of the deed, he ascertained that by assuming payment of the mortgage he was bound in law to make payment on default and deficiency arising thereunder and that, with this knowledge, he refused to make settlement under the terms of the original contract and insisted that the deed be so worded as to release him from the liability of "assumption," and that plaintiff assented to the change and delivered the deed "subject to the mortgage."

An inspection of the contract of sale and the deed shows that in the former defendant "assumed" payment and in the deed the property was conveyed "subject to" the mortgage.

Under the authorities above quoted, the presumption is that the deed "expressed the ultimate intent of the parties" and if defendant's version of the modification of the contract of sale is supported by the evidence, the deed executed the contract of sale in its entirety.

The question, then, for me to decide is: Has the defendant sustained the burden of proof and established the defense above outlined, to wit, that, after the execution of the agreement of sale, the parties, by mutual agreement, deviated from that contract to the extent that plaintiffs released the defendant from his covenant of assumption of the mortgage and agreed to convey and did convey "subject" thereto.

The testimony for the defendant is confined to two witnesses, defendant and Mr. Myers. Defendant says:

"*Q.* At the time of the settlement just state to the court what took place in the settlement room? *A.* They handed the deed to Mr. Myers, and Mr. Myers read it and said, 'Mr. Schwehm won't accept that deed on account of the word "assuming" being in it' and they says, well, the word 'assuming' didn't mean anything. So they argued *pro* and *con* there and said it doesn't mean anything. Well, I says, the only thing is I won't make settlement unless it is, 'subject to' 'that's the way I bought it, and yet I admit I signed the agreement with the word "assuming" and didn't know what it meant.'" And then he says that as a result of that conversation plaintiffs executed the deed.

Mr. Myers, for defendant, testified:

"*Q.* Do you remember a controversy arising at the settlement as to the quality of the deed that was to be given in the settlement? *A.* I do." And then he says:

"The deed was in Mr. Robert's possession and I picked it up and examined it and after I got through reading the deed I said: 'This is not the kind of a deed Mr. Schwehm will settle under.' They wanted to know what the objections were and I told them—pardon me—I passed the deed then

to Mr. Schwehm and the objection was that the deed contained the word 'assumed,' which Mr. Schwehm seriously objected to and stated that he wouldn't settle on a deed where the deed carried the word 'assume.' The conversation continued and it was finally agreed upon that a new deed be written delivering the property 'subject to.' " Then he says the deed was executed by plaintiffs.

For the plaintiffs, their attorney who was present at the settlement says there was no such conversation "about the form of the deed." He admits that his recollection of just what transpired is rather hazy.

Mr. Roberts, the settlement clerk of the title company, says that he does not remember any such conversation but, properly, refuses to go further and say that such a conversation did not in fact happen. The settlement was held over five years before the trial.

There was evidence as to who drew the deed and whether there was more than one drawn—the evidence being conflicting—but my conclusion therefrom is that the deed which was finally executed was drawn by plaintiffs and not by the title company for them. The question as to whether there was more than one deed drawn seems to me to be immaterial.

The deed was prepared by plaintiffs. Why, if defendant had not objected to an "assumption" clause in the deed did plaintiffs convey "subject to?" It is argued that it made no difference to plaintiffs because of the contract to convey, but that is not an answer because the parties to that executory contract has a right to modify it before it was completely executed by the deed, and the fact that the language of the deed supports defendant's contention that there was such a modification is persuasive evidence in his favor.

It will be observed that the testimony of Mr. Schwehm and Mr. Myers is positive as to the conversation with reference to the modification of the contract of sale, while Mr. Roberts simply says that he does not remember and the attorney frankly admits a hazy recollection of what was said and done at the settlement.

Again, it is significant that neither of the plaintiffs, Mr.

or Mrs. Latt, took the stand to deny the testimony offered by defendant and the evidence discloses that both plaintiffs were present at the settlement.

It is argued that the settlement sheet offered in evidence tends to disprove defendant's contention. It might, possibly, have some weight in that direction if it appeared when, with reference to the delivery of the deed, that sheet was made up but it does not appear whether it was made before or after the alleged agreement to modify was discussed.

Judgment for defendant.