HARRIS TRUST AND SAVINGS BANK, Trustee, Plaintiff-Appellant, *v.* CHICAGO TITLE AND TRUST COMPANY, Trustee, Defendant-Appellee.

Second District    Nos. 79-372, 79-428 cons.

Opinion filed May 15, 1980.—Rehearing denied June 20, 1980.

Eva Schwartzman, of Libertyville, for appellant.

Charles O. Brizius, of Brizius and Nixon, of Chicago, for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

This is an appeal from an order dismissing an amended complaint which prayed for various types of equitable relief, including a declaratory judgment and injunction, regarding an easement which is alleged by plaintiff to exist across defendant's property. Plaintiff appeals the court's dismissal of amended count IV which sought a declaratory judgment and

injunction and also appeals the trial court's denial of plaintiff's motion to vacate the judgment on the basis of newly discovered evidence.

The complaint alleges that, on January 5, 1960, John Pekara, Sr., as beneficiary of a trust of which defendant was and is trustee, entered into a contract with Alfred J. Miller for the sale of certain land, title to which was held by the trustee. The contract contained the following provision:

> "Sellers agree to include in the within purchase price a permanent easement 66 ft. wide, running from the herein described parcel westerly to St. Mary's Road, through land adj. to the herein described parcel, and owned by the Sellers."

At the closing on March 25, 1960, defendant trustee, as grantor, delivered a deed of conveyance to Alfred J. Miller and Mary Miller, his wife, as grantees in joint tenancy. The deed recited the conveyance of the parcel of land "together with the tenements and appurtenances thereto belonging," but made no mention of the easement.

After Mr. Miller's death, Mrs. Miller sold the parcel of land. Plaintiff is a subsequent purchaser of that land. John Pekara, Sr., died in 1977. In May 1977, Mrs. Miller assigned her interest in a certain easement to Paul Whiting, who on the same day assigned all his interest in such easement to Jack Galter. On January 23, 1978, Jack Galter assigned his interest in the easement to plaintiff.

Plaintiff's original complaint was filed January 24, 1978. The amended complaint, in four counts, prayed for (1) reformation of the deed, (2) declaration of an easement by prescription, (3) specific performance of the sales contract, and (4) a declaratory judgment that the contract created an easement in favor of plaintiff's parcel of land across defendant's adjoining parcel, and an injunction restraining defendant from denying plaintiff's right to travel over said easement. The court granted defendant's motion to dismiss the amended complaint, with no reference as to specific counts. Plaintiff filed his notice of appeal on April 4, 1979. Sixteen days later, plaintiff discovered a plat of survey showing the purported easement which was dated June 28, 1961, and which was prepared at the direction of Alfred J. Miller. On May 22, plaintiff moved to vacate the judgment of dismissal and to reopen the cause under section 72 by reason of the newly discovered evidence. The trial court denied the motion for the reason that the case was already on appeal and the trial court no longer had jurisdiction. On appeal plaintiff pursues only count IV of the amended complaint which seeks a declaratory judgment and an injunction, and appeals its dismissal by the trial court, as well as the denial of its motion to vacate the judgment as to said count.

A reviewing court, on appeal from an order granting a motion to dismiss, must determine whether the allegations of the complaint interpreted in the light most favorable to the plaintiff are sufficient to set

forth a cause of action upon which relief may be granted. This was a dismissal of an action for declaratory relief. Although the granting of declaratory relief is within the discretion of the trial court, a court of appeals can exercise its own judgment in determining if such a suit should be entertained. (*National Health Federation v. Weinberger* (7th Cir. 1975), 518 F.2d 711.) This court must therefore determine whether the trial court abused its discretion in finding that declaratory relief was not appropriate. The central issue thus becomes: Does plaintiff's complaint set forth allegations sufficient for a cause of action in equity for a declaratory judgment that an easement exists across defendant's land in favor of the plaintiff?

■ It appears from the record that the trial court's dismissal was based upon its analysis of the doctrine of merger, and the exception to that doctrine, as explained in the case of *Chicago Title & Trust Co. v. Wabash-Randolph Corp.* (1943), 384 Ill. 78, 51 N.E.2d 132. Plaintiff contends that the exception to the merger doctrine applies in this case; defendant argues that it does not. The merger doctrine provides that a complete, valid, written contract merges and supersedes all prior and contemporaneous negotiations and agreements dealing with the same subject matter. (*Emmitt v. Carlson* (1919), 215 Ill. App. 304.) It is well settled, therefore, that if the terms of a contract for a sale of real property are fulfilled by delivery of the deed, there is a merger, and the deed supersedes all contract provisions. (*Weber v. Aluminum Ore Co.* (1922), 304 Ill. 273, 136 N.E. 685.) It is also a well established principle that, while easements are usually created by grant or prescription, they may also be created by contract. (*D. M. Goodwillie Co. v. Commonwealth Electric Co.* (1909), 241 Ill. 42, 89 N.E. 272.) In the instant case, it is not disputed that a valid easement could be created by a contract such as that entered into between Mr. Pekara and Mr. Miller. However, defendant argues that, because the subsequent deed conveying the property to which the easement was to be appurtenant did not mention the easement, that contract provision was merged into the deed and is no longer enforceable.

Plaintiff contends that, in this case, there was no merger of the easement provision into the deed for the reason that the exception to the merger doctrine applies. That exception, as set out in *Chicago Title & Trust Co. v. Wabash-Randolph Corp.* (1943), 384 Ill. 78, 87, 51 N.E.2d 132, 137, is that "if there are provisions in the contract which delivery of the deed does not fulfill, then the contract is not merged in the deed as to such provision and the contract remains open for the performance of such terms." In the *Wabash-Randolph* case, a contract between the grantor and the grantee provided that grantor was to convey certain land, and, the court determined that the contract also provided that the grantees were to

provide an easement in the property they received for the common advantage of other surrounding lots, including the grantor's. The subsequent deed conveying the land, however, made no reference to the easement. It is an undisputed principle that no one but the owner of land can create an easement over such land. The grantees of property do not become owners until delivery of the deed to them. Thus, the *Wabash-Randolph* court reasoned, "[t]he agreement of the McKeys to establish an easement could not become effective until after delivery of the deed, therefore, by its delivery the easement provision was not merged in the deed." 384 Ill. 78, 87, 51 N.E.2d 132, 137.

■■ The trial court in the instant case determined that the *Wabash-Randolph* exception did not apply to the facts involved here. Apparently, the court found that the exception to the merger doctrine applied only where the *grantor* was to receive by contract an easement from the grantee, as in *Wabash-Randolph*, and that the exception would not apply where the *grantees* by contract were to receive the easement from the grantor, as in the instant case. The rationale behind this distinction, as defendant argues here, is that the easement to be given in the *Wabash-Randolph* situation could not be provided for in the deed since the grantees of the property, who were to give the easement to the grantor, would not own the property until the deed was delivered. Therefore no easement could be created by them until after such delivery. On the other hand, defendant argues, where the *grantor* of the land has contracted to give an easement to the grantees, there is no reason why he could not provide for such easement in the deed, as he owns the property until its delivery and could easily include such a provision.

The general statement of the exception to the contract doctrine of merger is that an executory agreement, verbal or written, for performance of distinct and separate acts, is not merged in a subsequent instrument executed in only part performance of its provisions, but remains in full force and effect as to provisions not performed. (*Koelmel v. Kaelin* (1940), 374 Ill. 204, 29 N.E.2d 106.) Thus, where an executory agreement contains provisions collateral to and independent of the provisions in the subsequent deed, those provisions would not merge and would remain in full force after delivery of the deed. (*Trapp v. Gordon* (1937), 366 Ill. 102, 7 N.E.2d 869.) Some such separate and independent contract provisions which have been held not to have merged in the subsequent deed are: an implied warranty of habitability (*Petersen v. Hubschman Construction Co.* (1979), 76 Ill. 2d 31, 389 N.E.2d 1154); express warranties as to quality of the improvement (*Rouse v. Brooks* (1978), 66 Ill. App. 3d 107, 383 N.E.2d 666); and, an agreement to complete unfinished building on premises (*Weinberg v. Wilensky* (1953), 26 N.J. Super. 301, 97 A. 2d 707). See also *Brownell v. Quinn* (1964), 47 Ill.

App. 2d 206, 197 N.E.2d 721; *Hakala v. Illinois Dodge City Corp.* (1978), 64 Ill. App. 3d 114, 380 N.E.2d 1177.

It thus appears that the *Wabash-Randolph* court, in applying the exception to the merger doctrine to the facts before it, was faced with a determination of whether the specific provision sought to be excluded from a merger into the deed was sufficiently collateral to, or independent from, the conveyance; there is no indication that the *Wabash-Randolph* court based its decision on the fact that it was the grantee who was to give the easement. Thus the question becomes: Is the creation of an easement in a contract a separate and independent provision which, if not referred to in the deed, is not fulfilled thereby? It would seem that easement provisions, in fact, are such separate and independent matters. In *Trapp v. Gordon* (1937), 366 Ill. 102, 7 N.E.2d 869, the court held that an oral agreement for the use of a right-of-way did not merge into a subsequent deed, as the agreement was not fulfilled by the deed. In *Shelby v. Chicago & Eastern Illinois R.R. Co.* (1892), 143 Ill. 385, 32 N.E. 438, the court found that an easement appurtenant in the maintenance of dams and the use of a pond was the subject of a binding executory contract. The easement provision was held not to merge and to remain in full force. In *Weck v. A : M Sunrise Construction Co.* (1962), 36 Ill. App. 2d 383, 184 N.E.2d 728, the court cited *Wabash-Randolph* for the principle that distinguishes cases where delivery of the deed is a complete fulfillment of all the terms of the contract from those where there are provisions the deed does not execute and where there is no merger. The court then found that a contract provision which provided for a habitable dwelling was collateral to the conveyance and did not merge. In *Gerald Elbin, Inc. v. Seegren* (1978), 62 Ill. App. 3d 20, 378 N.E.2d 626, this court found that an oral offer to repurchase property in three years, not mentioned in the deed of conveyance, could only be executed after the original deed was delivered. Thus the merger doctrine did not apply. But see *Murtha v. O'Heron* (1913), 178 Ill. App. 347, where the court found that an easement did merge into the deed. In that case, however, the deed recited that it was "in fulfillment" of the prior contract.

In this case the easement referred to in the contract between Pekara and Miller would seem to be no less a separate and independent provision than that created in the *Wabash-Randolph* situation. If, then, the easement provision did not merge with the deed in that case, it should not in this case. It would not seem to be a significant distinguishing fact that, in the present case, the *grantee's* property was the property to benefit from the easement, whereas in *Wabash-Randolph* the grantor's property was to have the benefit of the easement. Defendant's argument, that *Wabash-Randolph* is distinguishable because the easement provision *could* not go in the deed there, as the grantees of the land were to give the

easement and could not do so until title passed, is not convincing. The grantor of the land in that case in fact could have validly created the same easement in the deed by a reservation of easement, rather than by contracting with grantees. So, too, in the instant case Mr. Pekara could have created the easement by grant in the deed, but instead chose to grant the easement by contract with grantees. In both situations, an easement in land was created which could not take effect until the deed was delivered and title passed. As the *Wabash-Randolph* court said,

> "The McKeys had no title to the lots until they paid the purchase price and received the deed, which acts did not occur for about two years after the contract was made. During that interval, the McKeys had no title upon which the burden of an easement could rest. However, when the purchase price was paid and the deed delivered, the title passed and the agreement of the McKeys to create an easement over the lots they were purchasing became effective and operated to create the burden of an easement upon each of the McKey lots. *By the contract they were to acquire the title to the lots whenever they paid the purchase price, and the creation of an easement over their lots was an interest in their real estate and one which they had a right to contract in reference to before they acquired their title.*" (Emphasis added.) 384 Ill. 78, 86-87.

A consideration of the above reasoning, supported by the reasoning of other cases holding that contract provisions regarding easements are separate and independent from the subsequent conveyance, indicates that the trial court misconstrued the proper application of the exception to the merger doctrine when it dismissed the plaintiff's amended complaint on the basis of that doctrine. In *Weck v. A : M Sunrise Construction Co.* (1962), 36 Ill. App. 2d 383, 184 N.E.2d 728, the court found that there should have been no summary judgment on the ground that a contract merged in the deed. Whether merger occurred is a matter of intention. (*Zanphir v. Bonnie Meadows, Inc.* (Sup. Ct. 1953), 127 N.Y.S. 2d 269.) In determining the propriety of a dismissal of a complaint, the appellate court is concerned with questions of law presented in the pleadings. The pleadings here show a substantial controversy which can be decided on the basis of the merger doctrine and its exception. We conclude that the trial court applied that doctrine incorrectly.

The dismissal of the complaint, however, is sustainable upon review on any basis which may be found in the record. The defendant claims that laches bar plaintiff's claim, in that the purchaser and his wife took no action for over 13 years, and plaintiff did not act on his claim for 5 more years. Defendant also refers to the applicable statute of limitations as being the 10-year limitation (Ill. Rev. Stat. 1971, ch. 83, par. 17) on contract

actions, since, if merger does not apply, plaintiff's action would "become an action on contract." (Defendant, however, does not specifically charge that the statute of limitations has run.) It would seem, however, that plaintiff's action would be governed by section 1 of "An Act relating to claims to real estate" (Ill. Rev. Stat. 1971, ch. 83, par. 12.1) (40-year limitation) on claims on real estate. The purported easement in question here would be an easement appurtenant to plaintiff's land. An easement is real property if it is of indefinite duration or for life. Even if plaintiff's easement has been created by a sales contract, this action is still an action "to recover or establish" an interest in real estate "against the holder of title" of such real estate. Ill. Rev. Stat. 1971, ch. 83, par. 12.1.

■■ Mere delay does not constitute laches. (*Yunkes v. Webb* (1930), 339 Ill. 22, 170 N.E. 709.) It is necessary to know a wrong has been done or a mistake made before one can "sleep" on his rights. (*Hakala v. Illinois Dodge City Corp.* (1978), 64 Ill. App. 3d 114, 380 N.E.2d 1177.) Plaintiff's complaint alleges that the purchaser, Miller, believed the deed had conveyed the easement as an appurtenance; thus, he had no reason to take action. In any case, laches is a principle of inequity founded upon some change in the condition or relation of property and parties; it is an unreasonable delay in asserting rights which has *prejudiced* and *misled* the defendant. (*Biggs v. Health & Hospitals Governing Com.* (1977), 55 Ill. App. 3d 501, 370 N.E.2d 1150.) In an action for a declaratory judgment regarding title to land, it has been held that where defendants did not appear to have been prejudiced by any delay of the plaintiff in bringing an action or asserting ownership, laches did not bar the claim. (*Mack v. Czerniak* (1974), 17 Ill. App. 3d 264, 307 N.E.2d 646 (abstract).) If an essential element of the defense of laches is that defendant suffer some injury or prejudice, it would appear from the record that defendant has not shown any such prejudice from any delay of plaintiff. The land remains in the same unimproved state as when the original contract was entered into and the defendant is still the owner. Accordingly, we find that plaintiff's claim is not barred by laches.

■■ Defendant also contends that plaintiff is not the proper party in interest. Defendant argues that, because Mary Miller was not a party to the contract which allegedly created the easement, she had no rights thereto which plaintiff could have derived as a subsequent purchaser from her. That argument is not convincing. If an easement was created by the contract, it was an easement appurtenant to the land now owned by plaintiff. Mrs. Miller owned the land as the surviving joint tenant. If the easement attached to the land when it was owned by the Millers, it thereafter "runs with the land" and passed by conveyance without any reference to it. (*Gulick v. Hamilton* (1919), 287 Ill. 367, 122 N.E. 537.) Actual possession of land is alone sufficient to maintain an action for

disturbing an easement appurtenant thereto. (*Aebischer v. Zobrist* (1977), 56 Ill. App. 3d 151, 371 N.E.2d 1003.) Thus, if the easement was created, it remains in force as to plaintiff's property and plaintiff is entitled to sue for its use.

Plaintiff seeks to have this court consider its newly discovered evidence, which consists of a plat of survey dated June 28, 1961. The trial court denied plaintiff's motion to vacate and reopen the cause under section 72 of the Civil Practice Act, saying that it no longer had jurisdiction as the notice of appeal had been previously filed. As this cause will be remanded to the trial court, the evidence and claims made by plaintiff can be considered and disposed of there.

Accordingly, we reverse the dismissal of plaintiff's amended complaint and remand to the trial court for further proceedings as allowed by law in accordance with the views stated in this opinion.

Reversed and remanded.

UNVERZAGT and NASH, JJ., concur.