JAMES L. MEARIDA *et al.*, Plaintiffs-Appellants, *v.* PLEASANT R. MURPHY *et al.*, Defendants-Appellees.

Fourth District   No. 16086

Opinion filed August 15, 1980.—Rehearing denied September 10, 1980.

Thomson, Weintraub & Thompson, of Bloomington (Donald W. Wilcox, Jr., of counsel), for appellants.

Herrick, Rudasill & Moss, of Clinton (A. J. Rudasill, of counsel), for appellees.

Mr. JUSTICE WEBBER delivered the opinion of the court:

This is a suit for specific performance of an option requiring defendants to convey an easement to plaintiffs over certain land owned by defendants. The trial court entered summary judgment for the defendants. We reverse.

Both plaintiffs and defendants derive their titles from common grantors, people named Evans. On February 26, 1969, the Evanses conveyed to plaintiffs approximately 40 acres of unimproved land in rural De Witt County. In connection with this conveyance the Evanses also conveyed to plaintiffs a 32-foot easement over property adjacent to the 40 acres and owned by the Evanses. The 32-foot easement gave access to a public highway.

On February 10, 1969 (about two weeks prior to the conveyance to plaintiffs), the Evanses entered into a contract of sale with defendants for the adjacent land over which the 32-foot easement lay. It provides for the sale to defendants of an irregular tract of about 25 acres; it then provides that the Evanses agree "to give" the 32-foot easement to defendants; it further provides that the Evanses agree to give an option to defendants to purchase an additional 28 feet adjacent to the 32-foot easement in order to make the easement 60 feet in width, such option to be exercised within 10 years. The net effect of the contract is to sell defendants 25 acres and then additionally give them easements over the land already purchased.

However, on March 1, 1969, the Evanses made and delivered a warranty deed to defendants which conveyed the 25 acres "subject to" the 32-foot easement. It also contained the following:

> "Grantees agrees [sic] to give an option to James L. Mearida and Mary K. Mearida, to purchase an additional 28 foot easement West of the above described easement and adjacent thereto which would make an easement of 60 feet in width if purchased, for the sum of $750.00 if said option is exercised by giving notice in writing to grantees within ten (10) years from this date."

Plaintiffs, within the time limits set by the deed, served notice on defendants of the exercise of the option. Defendants refused to perform and plaintiffs filed the instant suit to enforce the option in the deed. As indicated above, the trial court entered summary judgment for defendants, holding in a memorandum opinion that the contract was too ambiguous to be specifically enforced. The trial court did not address the

question of the deed except to say in his opinion, "The deed given pursuant to the contract clearly does not conform to the contract. The option in that deed is what plaintiffs desire to specifically enforce. It cannot be."

The defendants' motion for summary judgment sets forth, in substance, that they had had no conversations with anyone concerning the options in either the contract or the deed and concludes that the 32-foot easement is sufficient for plaintiffs and that the 28-foot easement is unnecessary. Attached to the motion is a brief affidavit of defendants stating that each of them could competently testify as to the foregoing. Plaintiffs filed a counter affidavit of Evans, their grantor, stating that he had "advised and explained" the 28-foot easement to defendants. Since we have concluded that the trial court erred with regard to the law applicable in this case, we need not consider the sufficiency of the motion and the affidavits.

The parties, while taking differing views of them, indicate in their briefs before this court that two principles are here involved: (1) merger, and (2) enforcement of an option given to a third party. Plaintiffs maintain that the contract between Evanses and defendants merged into the deed with the consequent elimination of any ambiguity. Defendants maintain that ambiguous provisions may not merge into a deed and therefore the trial court was correct in finding for defendants by way of a summary judgment procedure.

■■ The general rule, recognized almost universally, is that all prior conversations and understandings with regard to the property merge into the deed when delivered in the same manner that all prior parol understandings merge into the contract. *Department of Transportation v. Western National Bank* (1976), 63 Ill. 2d 179, 347 N.E.2d 161; *Weber v. Aluminum Ore Co.* (1922), 304 Ill. 273, 136 N.E. 685.

An exception to the general rule exists if there be an obligation in the contract which is not to be performed until after the delivery of the deed. In such a case the covenant or obligation in the contract survives delivery and will not be merged. An example is found in *Chicago Title & Trust Co. v. Wabash-Randolph Corp.* (1943), 384 Ill. 78, 51 N.E.2d 132. In that case the common vendor by contract created certain easements in his vendees. The deeds were silent as to the easements. The supreme court held that since the obligation to create the easements did not arise until after delivery of the deeds, the easement provisions of the contract did not merge and the defendants remained obligated under them.

■■ The instant case differs in that the obligation in the contract, admittedly ambiguous, is not absent from the deed, as in *Wabash-Randolph*, but appears to conflict with the covenant in the deed. The contract purports to create the 32-foot easement and the option to

purchase the 28-foot easement for the benefit of defendants, while the deed creates the same interests for the benefit of the plaintiffs. In such a situation, the stability of land titles become a matter of primary importance. We therefore hold that when the covenant in the contract and the covenant in the deed deal with the same subject matter but are in conflict, the rule of *Wabash-Randolph* does not apply, merger does occur and the deed controls.

A similar conclusion was reached by the appellate court of our sister State of Indiana in *Thompson v. Reising* (1943), 114 Ind. App. 456, 51 N.E.2d 488. The court noted as an example that if the contract reserved a 50-foot easement and the deed reserved a 25-foot easement, the deed would control.

Recent Illinois authority indicates the same result, although by way of dictum. In *Harris Trust & Savings Bank v. Chicago Title & Trust Co.* (1980), 84 Ill. App. 3d 280, 405 N.E.2d 411, the court was dealing with a *Wabash-Randolph* situation, but said:

"The grantor of the land in that case [*Wabash-Randolph*] in fact could have validly created the same easement in the deed by a reservation of easement, rather than by contracting with grantees. So, too, in the instant case Mr. Pekara could have created the easement by grant in the deed, but instead chose to grant the easement by contract with grantees." 84 Ill. App. 3d 280, 286, 405 N.E.2d 411.

The second issue raised is the status of the plaintiffs, who were not parties to the deed between the Evanses, and the defendants to enforce the option. This issue is controlled by *Wabash-Randolph* where the supreme court permitted one not a party to the contract to enforce the easement provisions. In the instant case the plaintiffs are the third-party beneficiaries of the option provision in defendants' deed and, as such, have standing to enforce it. Compare *D. M. Goodwillie Co. v. Commonwealth Electric Co.* (1909), 241 Ill. 42, 89 N.E. 272.

The order of the circuit court of De Witt County granting defendants' motion for summary judgment is reversed, and the cause is remanded to that court for further proceedings under the first amended complaint and the first amended answer thereto.

Reversed and remanded.

TRAPP and GREEN, JJ., concur.