LARA HOSSELTON, Guardian of the Estate of Edward Niggeman, a Disabled Person, Plaintiff-Appellant, v. FIDELITY AND DEPOSIT COMPANY OF MARYLAND *et al.*, Defendants (Ken Wiser Insurance Agency, Inc., Defendant-Appellee).

Third District   No. 3—91—0946

Opinion filed October 27, 1992.—Rehearing denied December 4, 1992.

Edward G. Vogt, of Kankakee, for appellant.

Douglas C. Crone and Michael R. Stiff, both of Tribler & Orpett, P.C., of Chicago, for appellee.

JUSTICE HAASE delivered the opinion of the court:

The plaintiff, Lara Hosselton, acting as guardian of the estate of Edward Niggeman, brought a negligence action against the defendant, Ken Wiser Insurance Agency, Inc. In count II of the complaint, the plaintiff claimed the defendant was negligent in failing to ascertain the value of the estate before issuing a surety bond. The court granted the defendant's motion to dismiss this count. The plaintiff appeals.

The record shows that Lois Hebert was the original guardian of the estate. As required in the Probate Act of 1975, she presented the defendant with an application for a surety bond. (Ill. Rev. Stat. 1991, ch. 110½, par. 12—2.) In the application, the size of the estate was never made known to the defendant. The guardian requested only a $10,000 bond. Acting in accordance with her wishes, the defendant executed a bond in the amount of $10,000.

Thereafter, based on an inventory showing the estate to be worth $305,000, the probate court entered an order requiring the guardian and her attorney to post a bond in the amount of $610,000. Hebert never complied with the order. According to the complaint, Hebert subsequently stole $259,097.01, which she claims is now spent.

The plaintiff argues that the defendant insurance agency has a duty to ascertain the value of an estate before issuing a surety bond. We disagree.

An appellate court reviewing a trial court's order granting a motion to dismiss must determine whether the allegations of the complaint, when interpreted in the light most favorable to the nonmoving party, were sufficient to set forth a cause of action upon which relief could be granted. *Harris Trust & Savings Bank v. Chicago Title & Trust Co.* (1980), 84 Ill. App. 3d 280, 405 N.E.2d 411.

Contrary to the plaintiff's assertions, it is not the duty of an insurance producer to set the amount of a surety bond. The amount of a bond is determined by the probate court pursuant to the Probate Act of 1975. Ill. Rev. Stat. 1991, ch. 110½, par. 12—5.

Further, as the plaintiff acknowledges, there is no case law supporting the allegation that a producer is required to ascertain the adequacy of the amount of insurance. The producer does have a duty to use reasonable care to faithfully negotiate and procure an insurance policy according to the wishes and requirements of his clients. (*Shults v. Griffin-Rahn Insurance Agency, Inc.* (1990), 193 Ill. App. 3d 453, 550 N.E.2d 232.) By the plaintiff's allegations, this is exactly what the defendant did: it procured a policy in the amount requested by the original guardian.

Based on the foregoing reasons, the judgment of the circuit court of Kankakee County is affirmed.

Affirmed.

McCUSKEY and STOUDER, JJ., concur.